SUPREME COURT OF ARIZONA
En Banc

| | | |
|---|---|---|
| STATE OF ARIZONA, | ) | Arizona Supreme Court |
| | ) | No. CR-03-0332-PR |
| | ) | |
| Appellee, | ) | Court of Appeals |
| | ) | Division One |
| v. | ) | No. 1 CA-CR 02-0576 |
| | ) | |
| DAVID HERAN AGUILAR, | ) | Maricopa County Superior |
| | ) | Court |
| Appellant. | ) | No. CR 2001-007665 |
| | ) | |
| _____ | ) | **O P I N I O N** |

Appeal from Maricopa County Superior Court
No. CR 2001-007665
The Honorable Louis A. Araneta, Judge
The Honorable Michael A. Yarnell, Judge

**REVERSED AND REMANDED**
_____

Court of Appeals, Division One
No. 1 CA-CR 02-0576 (Sept. 4, 2003) (mem. decision)

**VACATED IN PART**
_____

Terry Goddard, Attorney General                                  Phoenix
     By:  Randall M. Howe
          Chief Counsel
          Criminal Appeals Section
     and  Robert A. Walsh
          Assistant Attorney General
Attorneys for Appellee

James J. Haas, Maricopa County Public Defender           Phoenix
     By:  Joel M. Glynn
          Deputy Public Defender
Attorneys for Appellant
_____

**R Y A N**, Justice

¶1        We granted review to determine whether the aberrant

sexual propensity exception to the prohibition against character evidence, codified in Arizona Rule of Evidence 404(c), encompasses sexual assaults against adults when the defendant claims the victims consented.  We hold that it can.

## I.

¶2       In a single indictment, the Maricopa County Grand Jury charged David Heran Aguilar with sexually assaulting four women between November 9, 1999, and May 10, 2001.[1]  Aguilar admitted that he had sexual contact with three of the women, but claimed that each consented to the contact.  Aguilar denied that he knew the fourth woman.  The charges involving this woman were later dismissed by the State.

¶3       Before trial, Aguilar filed a motion to sever, arguing that he was entitled as a matter of right to three separate trials as to the charges relating to each victim.  *See* Ariz. R. Crim. P. 13.4(b) (providing that a "defendant shall be entitled as of right to sever offenses joined only by virtue of Rule 13.3(a)(1), unless evidence of the other . . . offenses would be admissible under applicable rules of evidence if the offenses were tried separately").  Following oral argument on the motion, the trial court found that under Arizona Rule of Criminal

---

[1]    The indictment also charged Aguilar with two counts of aggravated assault, four counts of kidnapping, and one count of armed robbery.

2

Procedure 13.3(a)(1),[2] the counts as to all victims were properly joined because they involved sufficient "same or similar circumstances."

¶4        In addition, with respect to the three victims, the trial court found that the evidence as to each victim would be admissible under Arizona Rule of Evidence 404(c) as to the charges involving the other victims. The trial court noted that "the circumstances and alleged facts as to all counts as to [the victims]: (1) [were] shown by clear and convincing evidence; (2) demonstrate[d] an emotional propensity for sexual deviance; and (3) the prejudice of such facts [did] not outweigh their probative value as to each such count." *See* Ariz. R. Evid. 404(c)(1)(A)-(C). Because the offenses involving one victim would be admissible in a trial of the offenses involving another victim, the court held that under Rule 13.4(b) Aguilar would not be entitled to a severance.

¶5        The jury returned guilty verdicts on three counts of kidnapping, four counts of sexual assault, and two counts of sexual abuse.[3] The jury found "not true" the State's allegations

---

[2]    Rule 13.3(a)(1) provides that if each offense "is stated in a separate count, [two] or more offenses may be joined in an indictment . . . if they . . . [a]re of the same or similar character." Ariz. R. Crim. P. 13.3(a)(1).

[3]    The jury returned not guilty verdicts on counts alleging aggravated assault of one of the victims and armed robbery, sexual assault, and sexual abuse of another.

of dangerousness with respect to three counts related to one of the victims.

**¶6**     Aguilar appealed his convictions and sentences. Relying on a then recent opinion of the court of appeals, which this court later ordered depublished,[4] the court of appeals reversed. *State v. Aguilar*, 1 CA-CR 02-0576, mem. decision at 19, ¶ 29 (Ariz. App. Sept. 4, 2003). The court held that if Aguilar were granted a separate trial as to each victim, evidence of each incident would be cross-admissible under Rule 404(c) only if the State could show that the conduct charged was abnormal or remarkable. *Id.* at 8, ¶ 12 ("[T]his court recently rejected the same argument advanced by the State in the present case, that Rule 404(c) is properly interpreted as applying 'not only to cases involving highly unusual sex acts, but also to crimes involving heterosexual contact between adults, that involves conduct that is not abnormal or remarkable except for the fact that one of the parties did not consent to the conduct.'" (quoting *Feld v. Gerst*, 205 Ariz. 91, 96, ¶ 17, 66 P.3d 1268, 1273 (App. 2003), *depublished*, 206 Ariz. 117, 75 P.3d 1075 (2003))). The court noted that the sexual contact in Aguilar's case was between two adults and the sole issue was whether the acts were consensual. *Id.* at 8, ¶ 13. Thus, the

---

[4]     *Feld v. Gerst*, 205 Ariz. 91, 66 P.3d 1268 (App. 2003), *depublished*, 206 Ariz. 117, 75 P.3d 1075 (2003).

4

court of appeals concluded that Rule 404(c) did not support joinder of the charged offenses and therefore Aguilar's motion to sever should have been granted by the trial court.[5] *Id.* at 8-9, ¶ 13.

¶7 The court of appeals then concluded that "[b]ecause no basis existed for the admission of evidence pursuant to Rule 404(c)," the trial court committed fundamental error when it, as required by Rule 404(c)(2), instructed the jury as to how it should consider the evidence of the other sexual assaults when deciding Aguilar's culpability on the charged offenses. *Id.* at 11, ¶¶ 17, 19. As a result, the court reversed Aguilar's convictions. *Id.* at 12-13, ¶ 19.

¶8 The State petitioned for review, arguing that Rule 404(c)'s sexual propensity exception should not be limited to child molestation cases or those involving "highly unusual sex acts." We granted review because this matter involves an interpretation of one of our rules and because of the statewide importance of the issue. We have jurisdiction under Article 6,

---

[5] The court also ruled that "[o]n remand, the trial court may still determine whether any of the other exceptions available under Arizona Rule of Evidence 404(b) might be applicable." *Aguilar*, 1 CA-CR 02-0576, mem. decision at 12-14, ¶ 21. Specifically, "[b]ecause [Aguilar] was charged with [kidnapping], a charge that placed his specific intent at issue, evidence of each incident could possibly be introduced at separate trials under Rule 404(b), and the trial court could properly deny [Aguilar's] motion to sever on that basis." *Id.* at 15, ¶ 23. Neither party challenged this ruling in this court.

Section 5.3, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") section 12-120.24 (2003).

## II.

### A.

¶9     "One of the oldest principles of Anglo-American law" is that evidence of other bad acts is not admissible to show a defendant's bad character.  David P. Leonard, *In Defense of the Character Evidence Prohibition: Foundations of the Rule Against Trial by Character*, 73 Ind. L.J. 1161, 1162 (1998).  The rationale for this principle is the recognition that character evidence would have a highly prejudicial effect on a defendant's case — the jury might use the character evidence to improperly conclude that the defendant is a bad person and therefore more likely to have engaged in the charged offense.  *See State v. McFarlin*, 110 Ariz. 225, 228, 517 P.2d 87, 90 (1973).  This principle was set forth in the former version of Arizona Rule of Evidence 404(a).[6]

---

[6]     Before its amendment in 1997, Rule 404(a) provided that "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion," except when a defendant offers evidence of "a pertinent trait of [his own] character," when "evidence of a pertinent trait of character of a victim" is relevant, or when a witness' character is attacked "as provided in Rules 607 [permitting any party to impeach a witness], 608 [permitting evidence of character and conduct of witness when probative of witness' character for truthfulness or untruthfulness], and 609 [permitting impeachment by evidence of a conviction of a crime]."

¶10    But the prohibition on other act evidence is not absolute. "[E]vidence of other crimes is admissible when it is offered for any relevant purpose other than to prove the character of a person." Morris K. Udall et al., *Arizona Practice: Law of Evidence* § 84 (1991). Before 1997, Rule 404(b) codified this maxim as follows:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.[7]

Although the "listing of relevant purposes" is "not exhaustive," Udall, *Arizona Practice: Law of Evidence* § 84, admission of other act evidence most often occurs in cases in which intent, plan, knowledge, identity, or absence of mistake is an issue. *E.g.*, *State v. Gulbrandson*, 184 Ariz. 46, 61, 906 P.2d 579, 594 (1995) (finding that evidence of a previous assault was admissible to show motive and intent for subsequent murder); *State v. Stuard*, 176 Ariz. 589, 597-600, 863 P.2d 881, 889-92

---

As explained in ¶ 20, in 1997 this court adopted Rule 404(c). At the same time, the court amended Rule 404(a). Thereafter, in addition to the exceptions contained in the pre-1997 version of the rule, Rule 404(a) provides for the admission of "evidence of the aberrant sexual propensity of the accused . . . pursuant to Rule 404(c)." Ariz. R. Evid. 404(a)(1).

[7]    When this court adopted Rule 404(c), Rule 404(b) was amended. The amendment added the following clause to the beginning of the rule: "Except as provided in Rule 404(c) . . . ." Ariz. R. Evid. 404(b).

7

(1993) (finding evidence of attempted murder admissible to prove identity of the perpetrator of three separate murders); *State v. Mosley*, 119 Ariz. 393, 399, 581 P.2d 238, 244 (1978) (finding evidence of trackmarks admissible to prove appellant's knowledge of the nature of the drugs in question and his intent to possess them); *State v. Carner*, 25 Ariz. App. 156, 157, 541 P.2d 947, 948 (1975) (finding testimony that the defendant had knowingly purchased stolen goods on ten to fifteen occasions before the charged offense was admissible to prove absence of mistake or accident).

**B.**

¶11     In addition to the most commonly used exceptions, this court has long recognized a common-law propensity exception to the exclusion of evidence of prior bad acts in cases involving charges of sexual misconduct.  This exception was first fully articulated in *McFarlin*, 110 Ariz. at 228, 517 P.2d at 90.

> In those instances in which the offense charged involves the element of abnormal sex acts such as sodomy, child molesting, lewd and lascivious [conduct], etc., there is sufficient basis to accept proof of similar acts near in time to the offense charged as evidence of the accused's propensity to commit such perverted acts.

*Id*.  This definition pointedly did not include sexual assault. *See State v. Williams*, 111 Ariz. 511, 515, 533 P.2d 1146, 1150 (1975) ("The fact that one woman was raped is not substantial evidence that another did not consent." (citing *Lovely v. United*

8

*States*, 169 F.2d 386, 390 (4th Cir. 1948))).  Consequently, when a defendant was charged with offenses such as sodomy, child molestation, lewd and lascivious conduct, or other similar offenses, and Rule 404(b) did not permit admission of other act evidence, the *McFarlin* rule permitted the introduction of evidence of other acts if those acts tended to show that a defendant had a "propensity to commit such perverted" offenses. *McFarlin*, 110 Ariz. at 228, 517 P.2d at 90.

¶12      In *State v. Treadaway*, we re-examined the propensity exception and further clarified the rule.  116 Ariz. 163, 165-67, 568 P.2d 1061, 1063-65 (1977).  Treadaway had been convicted of the first-degree murder of a six-year-old boy by strangulation.  *Id.* at 164-65, 568 P.2d at 1062-63.  The evidence also established the boy had been sodomized.  *Id.* at 164, 568 P.2d at 1062.  The superior court admitted, "for the purpose of showing emotional propensity," that three years before, Treadaway had committed fellatio and anilingus on a thirteen-year-old boy.  *Id.* at 165, 568 P.2d at 1063.  We reversed, explaining that the admissibility of other act evidence under the propensity exception "depends initially upon its relevancy, which involves complicated questions of sexual deviancy in a sophisticated area of medical and scientific knowledge."  *Id.* at 167, 568 P.2d at 1065.  We further held that until the state presented "reliable expert medical testimony

9

that . . . a prior act three years earlier tends to show a continuing emotional propensity to commit the act charged," Treadaway's prior bad act would be inadmissible. *Id.*

¶13 At the retrial of Treadaway's case, the state sought to introduce evidence of another incident, which the court referred to as the "Brown incident."[8] *State ex rel. LaSota v. Corcoran*, 119 Ariz. 573, 575, 583 P.2d 229, 231 (1978). Relying on *Treadaway*, the trial court ruled that it must exclude this other act evidence because the state failed to introduce "reliable expert medical testimony that the same person would have perpetrated the Brown incident and [this] homicide." *Id.* The state filed a special action with this court, challenging the trial court's ruling. We accepted review and explained that the trial court "misconstrue[d] our holdings in [*Treadaway*] and [*McFarlin*]." *Id.* at 576, 583 P.2d at 232. "Reliable expert medical testimony is not always required before a prior act may be admitted pursuant to the emotional propensity exception." *Id.* at 577, 583 P.2d at 233. Instead, we reasoned that when the other "incident is both similar and near in time to the crimes for which" an accused is charged, expert testimony is not a necessary predicate for admission. *Id*. In short, we explained

---

[8] The "Brown incident" involved an allegation that three months before the murder, Treadaway, while nude, entered the bedroom of a young boy and attempted to strangle the boy. *State ex rel. LaSota v. Corcoran*, 119 Ariz. 573, 575, 583 P.2d 229, 231 (1978).

that *Treadaway* modified *McFarlin* to the extent that expert testimony would be required only if the prior act was either dissimilar to or remote in time from the crime charged. *Id*.

¶14 Accordingly, as clarified in *Treadaway* and *LaSota*, *McFarlin*'s propensity exception applied to cases involving offenses of sexual aberration, and if the other bad acts were similar and not remote in time, expert testimony was not required for admission. But if the other bad acts were remote in time and dissimilar, expert testimony was required before a trial court could find the other act admissible.

¶15 Nearly a decade later, however, in *State v. Day*, this court appeared to expand the *McFarlin* rule. 148 Ariz. 490, 494, 715 P.2d 743, 747 (1986), *rejected on other grounds by State v. Ives*, 187 Ariz. 102, 927 P.2d 762 (1996). In considering whether the trial court was required to sever the counts against Day, which involved charges arising from eight completed and several attempted sexual assaults against several adult female victims, we determined that the charges did not require severance. *Id.* First, we concluded that because there were similarities between the alleged assaults where one would expect to find differences, the state had established the requisite "visual connection" to join them as a common scheme or plan

11

under Arizona Rule of Criminal Procedure 13.3(a)(3).[9]  *Day*, 148 Ariz. at 493-94, 715 P.2d at 746-47.  Second, we concluded that any prejudice to Day by joinder of the offenses as a common scheme or plan would not be mitigated by severance because the same evidence would be cross-admissible at separate trials under the emotional propensity exception.  *Id*. at 494, 715 P.2d at 747.  Without much explanation and arguably in dicta, we stated, "[Day's] bad acts — eight completed and several attempted sexual assaults within a sixteen-month period — clearly fall well within the ambit of *McFarlin* and *Treadaway*."  *Id.*  This statement seemingly blurred an otherwise clear limit on the scope of the propensity exception — that other act evidence could be admitted only when the charges involved sodomy, child molestation, lewd and lascivious conduct, or some other aberrant sexual offense.

¶16     Nevertheless, since *Day*, most reported decisions in Arizona that addressed the propensity exception concerned cases in which the charged offense involved the kinds of crimes of sexual aberration listed in *McFarlin*.  *E.g.*, *State v. Roscoe*,

---

[9]    This court later rejected this common scheme analysis, holding that to establish a common scheme or plan, the state must prove something more than mere similarities.  *Ives*, 187 Ariz. at 107-09, 927 P.2d at 767-69.  Instead, "the 'common [plan or scheme]' must be 'a particular plan of which the charged crime is a part.'"  *Id.* at 108, 927 P.2d at 768 (quoting *State v. Ramirez Enriquez*, 153 Ariz. 431, 432-33, 737 P.2d 407, 408-09 (App. 1987)).

12

184 Ariz. 484, 492-93, 910 P.2d 635, 643-44 (1996) (admitting evidence of prior sexual encounter with one fourteen-year-old girl and lewd statements made to other young girls in case charging child molestation, kidnapping, and murder of a seven-year-old girl); *State v. Jerousek*, 121 Ariz. 420, 426-27, 590 P.2d 1366, 1372-73 (1979) (admitting evidence of prior child molestation and lewd and lascivious conduct involving a seven-year-old girl in case charging child molestation, commission of lewd and lascivious acts upon a child under the age of fifteen, and attempted rape of the same victim); *State v. Garner*, 116 Ariz. 443, 447-48, 569 P.2d 1341, 1345-46 (1977) (admitting evidence of prior child molestation of victim beginning at age five in case charging child molestation of same victim at age nine); *State v. Grainge*, 186 Ariz. 55, 57-58, 918 P.2d 1073, 1075-76 (App. 1996) (admitting evidence of prior sexual conduct with other minors in case charging sexual conduct with a minor, child molestation, and furnishing obscene or harmful items to minors); *State v. Lopez*, 170 Ariz. 112, 117-18, 822 P.2d 465, 470-71 (App. 1991) (admitting evidence of sexual conduct with other minor victims in case charging sexual conduct with a minor); *State v. Spence*, 146 Ariz. 142, 144, 704 P.2d 272, 274 (App. 1985) (admitting evidence of child molestation of the same victim over an extended period of time in case charging child molestation). As these cases demonstrate, courts generally

interpreted the emotional propensity exception as applying only to crimes of child molestation, sodomy, and lewd and lascivious conduct.

¶17  This understanding of the propensity exception continued until this court adopted Rule 404(c) in 1997. We therefore turn first to the background leading to the adoption of the rule. We then discuss the rule itself. Finally, we examine the trial court's application of the rule in this case.

### III.

### A.

¶18  In 1994, Congress adopted Rule 413 of the Federal Rules of Evidence. Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, Title XXXII, § 320935(a), 108 Stat. 2136. That rule provides the following: "In a criminal case in which the defendant is accused of an offense of sexual assault, evidence of the defendant's commission of another offense or offenses of sexual assault is admissible, and may be considered for its bearing on any matter to which it is relevant." Fed. R. Evid. 413(a). The proponents of the federal rule stressed the importance of adopting such a broad exception, especially in sexual assault cases, contending that a defendant's commission of other rapes would be critical to a jury's assessment of a defendant's claim that the sexual contact was consensual. *E.g.*, 140 Cong. Rec. H8991 (1994) (statement of

14

Rep. Molinari).

¶19    Apparently because this court had previously adopted —
with only a few minor changes — the Federal Rules of Evidence,
the proponents of the federal rule approached this court, urging
us to adopt an Arizona version of Rule 413(a).  *Proposed
Amendments to Arizona Rules of Evidence; Amending Rule 404 and
405; and Adding Rule 412* (Petition to Amend), R-96-0002 (Jan.
29, 1996).  From its inception, the proposal was framed in terms
of both sexual assault and child molestation:

> The adoption of special propensity evidence rules
> in Arizona and other jurisdictions is a response to
> the distinctive difficulties and issues of proof in
> sexual offense cases.  Relevant considerations include
> the typically secretive nature of sexual crimes, and
> resulting lack of neutral witnesses in most cases; the
> difficulty of stopping rapists and child molesters
> because of the reluctance of many victims to report
> the crime or testify; and the gravity of the danger to
> the public if a rapist or child molester remains at
> large.
>
> . . . .
>
> Similarly, sex offense cases involving adult
> victims are distinctive, and frequently turn on
> difficult credibility determinations.  Alleged consent
> by the victim is rarely an issue in prosecutions for
> other violent crimes . . . but claims are regularly
> heard in rape cases that the victim engaged in
> consensual sex with the defendant and then falsely
> accused him.  Knowledge that the defendant has
> committed other rapes is often critical in assessing
> the plausibility of these claims, and accurately
> deciding cases that would otherwise become
> unresolvable [sic] swearing matches between the
> defendant and the victim.

*Id.* at 6 (citations omitted).  The proposal would thus have

15

created a broad rule that would allow a court to admit evidence of other sex crimes in most cases charging a sexual offense, and, in particular, would permit such evidence to be considered "in assessing the plausibility" of a defendant's claim in a sexual assault case that the sexual contact was consensual.

¶20    We ultimately rejected the broad scope of the federal rule, and instead adopted a compromise version.  That compromise is codified in Rule 404(c), which provides in relevant part the following:

> In a criminal case in which a defendant is charged with having committed a sexual offense, or a civil case in which a claim is predicated on a party's alleged commission of a sexual offense, evidence of other crimes, wrongs, or acts may be admitted by the court if relevant to show that the defendant had a character trait giving rise to an aberrant sexual propensity to commit the offense charged. In such a case, evidence to rebut the proof of other crimes, wrongs, or acts, or an inference therefrom, may also be admitted.
> (1)  In all such cases, the court shall admit evidence of the other act only if it first finds each of the following:
>     (A)  The evidence is sufficient to permit the trier of fact to find that the defendant committed the other act.
>     (B)  The commission of the other act provides a reasonable basis to infer that the defendant had a character trait giving rise to an aberrant sexual propensity to commit the crime charged.
>     (C)  The evidentiary value of proof of the other act is not substantially outweighed by danger of unfair prejudice, confusion of issues, or other factors mentioned in Rule 403. In making that determination under Rule 403 the court shall also take into consideration the following factors, among

16

others:
    (i)     remoteness of the other act;
    (ii)    similarity or dissimilarity of the other act;
    (iii)   the strength of the evidence that defendant committed the other act;
    (iv)    frequency of the other acts;
    (v)     surrounding circumstances;
    (vi)    relevant intervening events;
    (vii)   other similarities or differences;
    (viii) other relevant factors.

(D) The court shall make specific findings with respect to each of (A), (B), and (C) of Rule 404(c)(1).

(2) In all cases in which evidence of another act is admitted pursuant to this subsection, the court shall instruct the jury as to the proper use of such evidence.

. . . .

(4) As used in this subsection of Rule 404, the term "sexual offense" is as defined in A.R.S. § 13-1420(C).

Ariz. R. Evid. 404(c)(1), (2), (4).

¶21      Arizona Revised Statutes § 13-1420(C) (2001) defines the term sexual offense as meaning any of the following: sexual abuse, A.R.S. § 13-1404 (2001); sexual conduct with a minor, *id.* § 13-1405 (2001); sexual assault, *id.* § 13-1406 (2001); sexual assault of a spouse, *id.* § 13-1406.01 (2001); molestation of a child, *id.* § 13-1410 (2001); continuous sexual abuse of a child, *id.* § 13-1417 (2001); sexual misconduct by a behavioral health professional, *id.* § 13-1418 (Supp. 2003); commercial sexual exploitation of a minor, *id.* § 13-3552 (2001); and sexual exploitation of a minor, *id.* § 13-3553 (Supp. 2003). This list of offenses clearly includes sexual offenses involving non-

17

consensual heterosexual contact between adults.  *E.g.*, A.R.S. § 13-1406(A) ("A person commits sexual assault by intentionally or knowingly engaging in sexual intercourse or oral sexual contact with any person without consent of such person.").

**B.**

¶22     The court of appeals reasoned that Rule 404(c) does not permit the admission of evidence of other acts when a defendant is charged with sexual assault of an adult when the sexual contact involves heterosexual contact and the defense is consent because such a charge does not involve either abnormal or remarkable conduct.  *Aguilar*, 1 CA-CR 02-0576, mem. decision at 8-9, ¶¶ 12-13.  We disagree.

¶23     We interpret court rules according to the principles of statutory construction.  *See State ex rel. Romley v. Superior Court*, 168 Ariz. 167, 168, 812 P.2d 985, 986 (1991) (applying principles of statutory construction to the Arizona Rules of Criminal Procedure).  Relying on rules of statutory construction, we may look to "the rule's context, the language used, the subject matter, the historical background, the effects and consequences, and its spirit and purpose."  *Id.* at 169, 812 P.2d at 987 (citing *Martin v. Martin*, 156 Ariz. 452, 457, 752 P.2d 1038, 1043 (1988)).  But when the rule's language is unambiguous, "we need look no further than that language to determine the drafters' intent."  *Id.* (citing *Ariz. Newspapers*

*Ass'n v. Superior Court*, 143 Ariz. 560, 562, 694 P.2d 1174, 1176 (1985)). Such unambiguous language will be given its usual, ordinary meaning unless doing so creates an absurd result. *See Bilke v. State*, 206 Ariz. 462, 464-65, ¶ 11, 80 P.3d 269, 271-72 (2003) (applying rules of statutory construction to statute governing interlocutory appeals).

¶24 Under the plain language of Rule 404(c), when a defendant is charged with one of the sexual offenses listed in A.R.S. § 13-1420(C), the state may introduce "evidence of other crimes, wrongs, or acts," if the court finds that such evidence "provides a reasonable basis to infer that the defendant had a character trait giving rise to an aberrant sexual propensity to commit the crime charged." Ariz. R. Evid. 404(c)(1)(B). As a result, with the adoption of Rule 404(c), the types of sex offenses for which other act evidence may be admitted are no longer restricted to those offenses listed in *McFarlin*. Instead, the offenses for which other act evidence may be admitted are those listed in A.R.S. § 13-1420(C), which includes sexual assault. Thus, the court of appeals erred in concluding that when a defendant is charged with sexual assault of an adult and the sexual contact involves heterosexual acts, evidence of other acts is not admissible under Rule 404(c).

¶25 Nor does the comment to the rule support Aguilar's contention that Rule 404(c) precludes the admission of other act

19

evidence when a defendant is charged with sexual assault and the other act involves "normal" heterosexual conduct and the defendant claims that the victim of the other act consented.[10]

---

[10] The comment to Rule 404(c), in relevant part, states the following:

> Subsection (c) of Rule 404 is intended to codify and supply an analytical framework for the application of the rule created by case law in [*Treadaway*] and [*McFarlin*]. The rule announced in *Treadaway* and *McFarlin* and here codified is an exception to the common-law rule forbidding the use of evidence of other acts for the purpose of showing character or propensity.

> Subsection (1)(B) of Rule 404(c) is intended to modify the *Treadaway* rule by permitting the court to admit evidence of remote or dissimilar other acts providing there is a "reasonable" basis, by way of expert testimony or otherwise, to support relevancy, i.e., that the commission of the other act permits an inference that defendant had an aberrant sexual propensity that makes it more probable that he or she committed the sexual offense charged. The *Treadaway* requirement that there be expert testimony in all cases of remote or dissimilar acts is hereby eliminated.

> The present codification of the rule permits admission of evidence of the other act either on the basis of similarity or closeness in time, supporting expert testimony, or other reasonable basis that will support such an inference. To be admissible in a criminal case, the relevant prior bad act must be shown to have been committed by the defendant by clear and convincing evidence. *State v. Terrazas*, [189] Ariz. [580], [944] P.2d [1194] (1997).

> Notwithstanding the language in *Treadaway,* the rule does not contemplate any bright line test of remoteness or similarity, which are solely factors to be considered under subsection (1)(c) [sic] of Rule 404(c). A medical or other expert who is testifying

20

We reach this conclusion for three reasons.

¶26     First, the plain text of the rule does not limit the admission of other act evidence to only the type of conduct described in *McFarlin*.  By expressly making reference to A.R.S. § 13-1420(C), Rule 404(c) broadened the types of sexual offense cases in which other act evidence might be admissible.  Although a comment may clarify a rule's ambiguous language, a comment cannot otherwise alter the clear text of a rule.  *Cf*. *Janson v. Christensen*, 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991) (stating that "we follow fundamental principles of statutory construction, the cornerstone of which is the rule that the best and most reliable index of a statute's meaning is its language and, when the language is clear and unequivocal, it is determinative of the statute's construction"); *Wright v. Bank of Cal. Nat'l Ass'n*, 81 Cal. Rptr. 11, 14 (Ct. App. 1969) (noting that the "plain language of the [California Commercial Code] cannot be varied by reference to the comments" to either the California Commercial Code or the Uniform Commercial Code); *A.J. Maggio Co. v. Willis*, 757 N.E.2d 1267, 1269 (Ill. 2001) (looking to the comment of a supreme court rule to determine the

---

pursuant to Rule 404(c) is not required to state a diagnostic conclusion concerning any aberrant sexual propensity of the defendant so long as his or her testimony assists the trier of fact and there is other evidence which satisfies the requirements of subsection (1)(B).

21

rationale behind the rule, but noting that "we need not rely on statutory comments where the language of the particular provision is unambiguous"); *Messing v. Bank of Am., N.A.*, 821 A.2d 22, 29 (Md. 2003) (stating that the comments to the Uniform Commercial Code "are not controlling authority and may not be used to vary the plain language of the statute," but noting that the comments "are an excellent place to begin a search for the legislature's intent when it adopted the Code"); *Saber v. Dan Angelone Chevrolet, Inc.*, 811 A.2d 644, 650 (R.I. 2002) (same). Second, the comment's reference to "[t]he rule announced" in *McFarlin* and *Treadaway* primarily clarifies that expert testimony is no longer required when the other acts are remote or dissimilar from the charged offense. Because the text of Rule 404(c) does not clearly state this modification to the prior case law, the comment serves to explain the rule's ambiguous language on this point.

¶27        Third, the plain language of Rule 404(c) does not merely codify the rule announced in *McFarlin*. The *McFarlin* rule required that the other act provide a "sufficient basis" that such evidence demonstrates "the accused's propensity to commit [abnormal sex acts such as sodomy, child molestation, lewd and lascivious conduct, etc.]." *McFarlin*, 110 Ariz. at 228, 517 P.2d at 90. Rule 404(c)(1)(B), on the other hand, requires that the other act evidence "provide[] a reasonable basis to infer

22

that the defendant had a character trait giving rise to an aberrant sexual propensity to commit" one of the offenses listed in A.R.S. § 13-1420(C). Ariz. R. Evid. 404(c)(1)(B). Thus, the question is not whether the other act *per se* involves abnormal or aberrant conduct. Instead, the rule requires that the other act evidence must lead to a reasonable inference that the defendant had a character trait that gives rise to an aberrant sexual propensity to commit the charged sexual offense. And as the comment to Rule 404(c) explains, the admissibility of such other act evidence will turn on either "the basis of similarity or closeness in time [to the charged offense], supporting expert testimony, or other reasonable basis that will support such an inference." Accordingly, the comment to Rule 404(c) does not support Aguilar's assertion that the admissibility of evidence of other acts of sexual misconduct is necessarily limited to acts that have traditionally been characterized as abnormal or aberrant.

¶28    Consequently, we hold that the sexual propensity exception of Rule 404(c) is not restricted to cases in which the charges involve sodomy, child molestation, or lewd and lascivious conduct. Instead, the exception applies to the sexual offenses listed in A.R.S. § 13-1420(C), which includes charges involving nonconsensual heterosexual contact between adults.

¶29    Having concluded that evidence of other sexual assaults may be admissible in a case charging sexual assault, we now turn to whether the trial court in this case properly found the evidence as to each sexual assault cross-admissible as to the others, thus obviating the need to grant a severance under Rule 13.4(b).  We review the trial court's rulings on the admissibility of the evidence for abuse of discretion.  *Roscoe*, 184 Ariz. at 491, 910 P.2d at 642 (citing *State v. Rivera*, 152 Ariz. 507, 515, 733 P.2d 1090, 1098 (1987)).

**A.**

¶30    Before admitting other act evidence to show that the defendant had a character trait giving rise to an aberrant sexual propensity to commit the charged sexual offense, a trial judge must make three determinations.  First, the trial court must determine that clear and convincing evidence supports a finding that the defendant committed the other act.  Ariz. R. Evid. 404(c)(1)(A); *State v. Terrazas*, 189 Ariz. 580, 582, 944 P.2d 1194, 1196 (1997).  Second, the court must find that the commission of the other act provides a reasonable basis to infer that the defendant had a character trait giving rise to an aberrant sexual propensity to commit the charged sexual offense. Ariz. R. Evid. 404(c)(1)(B).  Third, the court must find that the evidentiary value of proof of the other act is not

24

substantially outweighed by the danger of unfair prejudice, confusion of the issues, or other factors mentioned in Rule 403. *Id.* R. 404(c)(1)(C). In making the determination under Rule 403, the court also must consider the factors listed in Rule 404(c)(1)(C)(i)-(viii). Finally, the rule requires the trial judge to make *specific* findings with respect to each of the prerequisites for admission under the rule. *Id.* R. 404(c)(1)(D).[11]

¶**31**     The rationale for this latter requirement is twofold. First,

> the danger of undue prejudice [of evidence of other sexual conduct] is particularly great [because] the prosecution's evidence of other instances of sexual conduct will often involve sexual behavior that is legally as well as socially abhorrent and thus is more likely to lead the trier of fact to punish the defendant because, in sexual matters, he is a bad man, not because it has decided he has committed the sexual wrong charged in the case at hand.

1A John Henry Wigmore, *Evidence in Trials at Common Law* § 62.3

---

[11] If the superior court should admit evidence of other acts under Rule 404(c), it must "instruct the jury as to the proper use of such evidence." Ariz. R. Evid. 404(c)(2). The comment to the rule further expounds on this duty by advising that

> [a]t a minimum, the court should instruct the jury that the admission of other acts does not lessen the prosecution's burden to prove the defendant's guilt beyond a reasonable doubt, and that the jury may not convict the defendant simply because it finds that he committed the other act or had a character trait that predisposed him to commit the crime charged.

Ariz. R. Evid. 404(c) cmt.

(1983).  Thus, the requirement that the judge make specific findings as to each of Rule 404(c)'s prerequisites for admissibility helps focus the trial court's discretion so that only truly relevant other acts are admitted.  Second, the rule's requirement of specific findings enables an appellate court to effectively examine the basis for the trial judge's decision to admit other act evidence under Rule 404(c).

¶32    We now examine whether the trial court made the necessary findings under Rule 404(c)(1)(D), and if not, whether the failure to do so requires reversal.

**B.**

¶33    In this case, the trial court, in determining whether the State met its burden under Rule 404(c), limited its review to the transcript of the grand jury proceedings, the pleadings, and the arguments of counsel at oral argument.  None of these materials contained testimony from the victims; the grand jury transcript contained only a police officer's descriptions of the victims' statements to the police.  Based on these materials, the court found that each sexual assault incident was cross-admissible as to the others under Rule 404(c).  However, the court's findings plainly did not satisfy the specificity requirement of Rule 404(c)(1)(D), specifically as to the factor set forth in Rule 404(c)(1)(A).

¶34    In making its finding under Rule 404(c)(1)(A), the

26

court stated that clear and convincing evidence established that Aguilar committed the other acts because Aguilar admitted to the police that he had sexual contact with the three victims. But that misses the point. The question here is not simply whether Aguilar had sexual contact with the victims, but also whether that sexual contact was without the victims' consent. Thus, the court's focus should have been on whether clear and convincing evidence established that Aguilar committed the other sexual assaults, not on Aguilar's admission that he had consensual sexual contact with the victims.

¶35 The resolution of this issue — whether the victims consented to the sexual contact — turns largely on the credibility of the witnesses. Consequently, the trial court had to make a credibility determination that the victims' accounts of the assaults were more credible than Aguilar's for the court to make the necessary finding that clear and convincing evidence established that the sexual contact in each incident was non-consensual. That could not have occurred here, when the court neither heard from the victims nor was presented with any prior testimony from them. The court's findings on this element of Rule 404(c)(1) were insufficient to support the cross-admission of the three allegations of sexual assault.

¶36 In view of our conclusion with respect to the trial court's findings on Rule 404(c)'s first prerequisite for

27

admission of other act evidence, we find it unnecessary to examine whether the trial court's findings as to the second and third criteria of Rule 404(c)(1) satisfied the specificity requirement of Rule 404(c)(1)(D) with respect to the other two criteria. We do note, however, that Rule 404(c)(1)(D) requires something more than just repeating the language of the three elements of Rule 404(c)(1)(A) through (C); it mandates some specific indication of why the trial court found those elements satisfied.

## C.

¶37 The trial court's failure to make a sufficient finding as to the first factor of Rule 404(c) might be harmless error if the record contained substantial evidence that the requirements of admissibility were met. *See State v. Marshall*, 197 Ariz. 496, 499, ¶ 7, 4 P.3d 1039, 1042 (App. 2000). But the materials reviewed by the trial court in this case are insufficient for us to conclude that the State met its burden as the materials largely consist of a third party's recitation of the victims' claims that Aguilar sexually assaulted them versus his claim that they consented. *Compare State v. Lee*, 189 Ariz. 590, 599, 944 P.2d 1204, 1213 (1997) (finding that defendant's descriptions of his involvement in different murders satisfied the clear and convincing standard for admissibility of the murders under Rule 404(b)). Under these circumstances, it is

28

impossible for us to find the error harmless.[12]  As a result, we are compelled to conclude that the trial court's finding that each sexual assault was cross-admissible in a trial involving the others was erroneous.[13]

¶38      As mentioned earlier, the charges involving the three victims were joined solely because they were of the "same or similar circumstances." *See* Ariz. R. Crim. P. 13.3(a)(1). Therefore, Aguilar was entitled to severance as a matter of right, unless the charges "would be admissible under applicable rules of evidence if the offenses were tried separately." *Id*. R. 13.4(b).  A denial of a motion to sever under Rule 13.4(b) "is reversible error only if the evidence of other crimes would not have been admitted at trial 'for an evidentiary purpose anyway.'"  *Ives*, 187 Ariz. at 106, 927 P.2d at 766 (quoting *Stuard*, 176 Ariz. at 596-97, 863 P.2d at 888-89).  Given that this record does not support the finding of cross-admissibility

---

[12]     Nor can we rely on the jury verdicts in this case. Although the trial court instructed the jury to consider the evidence supporting each count separately, it also instructed the jury that "[e]vidence of abnormal sexual acts ha[d] been presented" to them and that they "*must* consider this evidence in determining whether [Aguilar] had a character trait that predisposed him to commit the crimes charged." (Emphasis added). In light of the latter instruction, we cannot say that a jury would have reached the same verdict on each sexual assault if the charges had not been tried together.

[13]     Our conclusion does not prohibit the State on remand from presenting evidence to support the cross-admissibility of each sexual assault under Rule 404(c).

29

of the sexual assaults under Rule 404(c), the trial court erred in denying the motion to sever. Thus, we must reverse and remand for a new trial. *See Lee*, 189 Ariz. at 597-98, 944 P.2d at 1211-12 (holding that "[t]o justify reversal based on [the trial court's error in denying severance], [the] court must find the trial court clearly abused its discretion"); *State v. Garland*, 191 Ariz. 213, 218, ¶ 9, 953 P.2d 1266, 1271 (App. 1998) (stating that "if the evidence of the other acts would not have been admitted under [one of the exceptions contained in Rule 404], the denial of severance must be reversed").

## V.

¶**39** For the foregoing reasons, we vacate in part the decision of the court of appeals, reverse the convictions and sentences, and remand this matter to the trial court for further proceedings consistent with this opinion.

_____
                     Michael D. Ryan, Justice


CONCURRING:


_____
Charles E. Jones, Chief Justice


_____
Ruth V. McGregor, Vice Chief Justice


30

_____
Rebecca White Berch, Justice


_____
Andrew D. Hurwitz, Justice