NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

KEVIN MICHAEL MURPHY, *Appellant*.

No. 1 CA-CR 18-0484
FILED 5-14-2019

Appeal from the Superior Court in Maricopa County
No.  CR2017-001189-001
The Honorable David O. Cunanan, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge James P. Beene joined.

_____

**C A T T A N I**, Judge:

¶1            Kevin Michael Murphy appeals his convictions and sentences for aggravated taking the identity of another, three counts of forgery, and two counts of taking the identity of another. Murphy's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous. Counsel asks this court to search the record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). Murphy filed a supplemental brief raising multiple issues, none of which establish a basis for relief. Accordingly, and for reasons that follow, we affirm Murphy's convictions and sentences.

**FACTS AND PROCEDURAL BACKGROUND**

¶2            In December 2015, Murphy opened an account with an Arizona credit union. One week later, he deposited a forged check made payable to himself in the amount of $499. The check appeared to be issued by Benchmark Interiors LLC and displayed the company's actual bank account and routing numbers, but incorrectly listed its telephone number, bank name, and logo and contained a forged, unauthorized signature of the company's owner, D.L.

¶3            About two months later, Murphy deposited another forged check payable to himself, this time for $4,000. The next day, he deposited a third forged check, this one for $2,500. Both of these checks appeared to be issued by L.A.W., but L.A.W.'s middle name was misspelled, his address was incorrect, and the signature was forged. The incorrect address listed on the checks matched the address Murphy provided in his application to open his account.

¶4            At trial, Murphy testified that he cashed the three checks as repayment for loans and payment for items he sold and that he was unaware that the checks were forged.

¶5            The jury convicted Murphy as outlined above, and the superior court sentenced him to concurrent terms, the longest of which is 6.5 years, with 41 days of presentence incarceration credit. Murphy timely appealed.

## DISCUSSION

**I.      Murphy's Supplemental Brief.**

¶6            Murphy asserts that the superior court erred by denying his motion for judgment of acquittal. We review the denial of a motion for judgment of acquittal de novo, viewing the evidence in the light most favorable to sustaining the verdict, and we will not reverse unless there is a complete absence of probative facts to support a conviction. *State v. West*, 226 Ariz. 559, 562, ¶¶ 15–16 (2011); *State v. Johnson*, 215 Ariz. 28, 29, ¶ 2 (App. 2007).

¶7            Here, the superior court did not err by denying Murphy's motion for judgment of acquittal. Murphy's counsel argued that the motion should be granted because none of the State's witnesses made an in-court identification of Murphy. But every instance of Murphy cashing a forged check was caught on surveillance footage. A reasonable factfinder thus could have compared that footage to Murphy's appearance in the courtroom and concluded that it was the same individual.

¶8            Murphy also contends that the State did not put forth any direct evidence of intent and knowledge, instead relying on circumstantial evidence and conflicting testimony. But the law makes no distinction as to the weight afforded direct and circumstantial evidence. *See State v. Harvill*, 106 Ariz. 386, 389–91 (1970). And the existence of conflicting testimony does not undermine the sufficiency of the evidence if probative evidence supports the verdict. *See State v. Williams*, 209 Ariz. 228, 231, ¶ 6 (App. 2004). The jury thus could have properly concluded that the evidence, even if circumstantial and conflicting, supported a conviction on all counts.

¶9            Murphy next argues that the superior court erred by denying his motion to sever the counts involving Benchmark Interiors from the counts involving L.A.W. We review the denial of a motion to sever for an abuse of discretion. *See State v. Prince*, 204 Ariz. 156, 159, ¶ 13 (2003). A denial of a motion to sever is reversible "only if the evidence of other crimes would not have been admitted at trial for an evidentiary purpose anyway." *State v. Aguilar*, 209 Ariz. 40, 51, ¶ 38 (2004) (citation omitted).

¶10	Here, evidence of Murphy's crimes involving Benchmark Interiors would have been admissible at a separate trial for his crimes involving L.A.W. Under Rule 404(b) of the Arizona Rules of Evidence, evidence of other crimes may be admissible to prove intent and knowledge. Murphy testified that he was unaware that the checks were forged, and thus, evidence of the forged Benchmark Interiors check would have been admissible as evidence of Murphy's knowledge that the checks involving L.A.W. were also forged and that he intended to defraud the credit union. *See State v. Buot*, 232 Ariz. 432, 434, ¶ 6 (App. 2013).

¶11	Next, Murphy argues that he was never read his *Miranda*[1] rights after being arrested. But even assuming a *Miranda* violation, the only remedy would be suppression of the defendant's statements, *see State v. Schinzel*, 202 Ariz. 375, 381, ¶ 25 (App. 2002), and here, the State never introduced any statements Murphy made to law enforcement. Accordingly, Murphy's argument is unavailing.

¶12	Murphy also makes several arguments about the perceived failings of his defense counsel. But ineffective assistance of counsel claims can only be brought in post-conviction proceedings, not on direct appeal. *State ex rel. Thomas v. Rayes*, 214 Ariz. 411, 415, ¶ 20 (2007). Consequently, we do not address these arguments.

¶13	Additionally, Murphy argues that the prosecutor committed misconduct, as evidenced by his use of coercion to "extort" a plea agreement. Murphy did not accept a plea agreement, however, so any analysis of the prosecutor's "coercive" plea tactics is unnecessary. *Cf. State v. Horning*, 158 Ariz. 106, 111 (App. 1988). Moreover, our independent review of the record does not support a finding of prosecutorial misconduct.

¶14	Finally, Murphy claims that the Arizona criminal justice system discriminates against the indigent. He has not offered any evidence, however, that his economic status biased the pretrial proceedings, trial, or sentence, and absent evidence of purposeful discrimination, we reject his claim. *See State v. Stokley*, 182 Ariz. 505, 516 (1995).

---

[1]	*Miranda v. Arizona*, 384 U.S. 436 (1966).

## II.    Fundamental Error Review.

**¶15**        We have read and considered counsel's brief and have reviewed the record for reversible error.  *See Leon*, 104 Ariz. at 300.  We find none.

**¶16**        Murphy was present and represented by counsel at all stages of the proceedings against him.  The record reflects that the superior court afforded Murphy all his constitutional and statutory rights, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure.  The court conducted appropriate pretrial hearings, and the evidence presented at trial was sufficient to support the jury's verdicts.  Murphy's sentences fall within the range prescribed by law, with proper credit given for presentence incarceration.

### CONCLUSION

**¶17**        Murphy's convictions and sentences are affirmed.  After the filing of this decision, defense counsel's obligations pertaining to Murphy's representation in this appeal will end after informing Murphy of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).  On the court's own motion, Murphy has 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA