SUPREME COURT OF ARIZONA

| | | |
|---|---|---|
| STATE BAR OF ARIZONA, | ) | Arizona Supreme Court |
| | ) | No. CV-20-0035-SA |
| Petitioner, | ) | |
| | ) | Office of the Presiding |
| v. | ) | Disciplinary Judge |
| | ) | No. PDJ2019-9008 |
| THE HONORABLE WILLIAM O'NEIL, | ) | |
| Presiding Disciplinary Judge, | ) | State Bar Nos. 17-0624 |
| | ) | 18-0693 |
| Respondent Judge, | ) | |
| | ) | |
| JUAN M. MARTINEZ, | ) | |
| Attorney No. 9510 | ) | **FILED: 07/13/2020** |
| | ) | |
| Real Party in Interest. | ) | |
| | ) | |

## DECISION ORDER

The Court en banc[1] has considered the briefs and arguments of the parties; the disciplinary court's minute entries, transcripts, and orders; and the relevant rules and case law in this matter. The Court rules as follows:

In March 2019, the State Bar brought an ethical complaint against Juan Martinez, a deputy county attorney with the Maricopa County Attorney's Office. Among other claims, the complaint alleged that Martinez had sexually harassed multiple female law clerks at the County Attorney's Office over several years. The State Bar alleged that this conduct violated Rule 41(g) of the Rules of the Supreme Court of Arizona, which prohibits lawyers from engaging in unprofessional conduct. Martinez moved for summary judgment, arguing that unprofessional conduct under Rule 41(g) does not include conduct involving sexual harassment of legal staff and subordinates. The presiding disciplinary judge agreed and granted Martinez's motion.

---

[1] Justice William G. Montgomery is recused from this case. Pursuant to article 6, section 3 of the Arizona Constitution, Justice John Pelander (Retired), was designated to sit in this matter.

We accept special action jurisdiction to determine whether the presiding disciplinary judge's order was arbitrary and capricious or an abuse of discretion. Ariz. R.P. Spec. Act. 3(c). Special action review is proper because there has been no formal decision entered in compliance with Arizona Rule of Supreme Court 58(k). Additionally, this case involves a purely legal issue of statewide importance. *See Piner v. Superior Court*, 192 Ariz. 182, 185 ¶ 10 (1998).

Rule 41(g) states that members of the Bar are required "[t]o avoid engaging in unprofessional conduct." This prohibition is not aspirational; rather, it is the duty of attorneys to avoid engaging in such conduct. *Matter of Martinez*, 248 Ariz. 458, 463–64 ¶¶ 20–22 (2020); *see* Ariz. R. Sup. Ct. 31, editor's note, "The Oath of Admission to the Bar" (stating that an attorney "will avoid engaging in unprofessional conduct"). Additionally, Comment 1 to Rule 41(g) does not alter or limit the Rule's broad proscription against such conduct. Rule 41(g), Ariz. R. Sup. Ct. cmt. 1 (2016 amendment); *see State v. Aguilar*, 209 Ariz. 40, 48 ¶ 26 (2004) (stating that "[a]lthough a comment may clarify a rule's ambiguous language, a comment cannot otherwise alter the clear text of a rule.").

The prohibition against "unprofessional conduct" in both Rule 41(g) and the Oath includes substantial and repeated sexual harassment of staff or subordinates. *Cf.* Rule 31(a)(2)(E), Ariz. R. Sup. Ct. (stating that unprofessional conduct includes "substantial or repeated violations of the Oath of Admission to the Bar or the Lawyer's Creed of Professionalism of the State Bar of Arizona"). Our decision here is consistent with our prior cases stating that sexual harassment by lawyers in other professional contexts is unethical. *See, e.g., In re Abrams*, 227 Ariz. 248 (2011) (sanctioning judge who sexually harassed attorneys appearing before him); *In re Walker*, 200 Ariz. 155 (2001) (sanctioning attorney who sexually harassed client); *In Matter of Piatt*, 191 Ariz. 24 (1997) (same).

**IT IS ORDERED** reversing the decision of the presiding disciplinary judge.

**IT IS FURTHER ORDERED** remanding this matter to the presiding disciplinary judge for further proceedings consistent with this order.

DATED this 13th day of July, 2020.

_____/s/_____
Chief Justice Robert M. Brutinel