NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

v.

DARREN THEOTIS PENDLETON,
*Appellant*.

No. 1 CA-CR 20-0186
FILED 8-12-2021

Appeal from the Superior Court in Maricopa County
No.  CR2016-147535-001
The Honorable George H. Foster, Judge *Retired*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Thomas K. Baird
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

_____

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge Paul J. McMurdie joined.

_____

**M O R S E**, Judge:

¶1        Darren Pendleton appeals his convictions and sentences for molestation of a child and sexual conduct with a minor.  Counsel for Pendleton filed a brief in which he states he could find "no arguable question of law that is not frivolous," but notes that Pendleton wants us to review the trial court's denial of severance.  Further, citing *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), counsel requests we review the record for fundamental error.  Pendleton was given the opportunity, but did not file a pro per supplemental brief.  After reviewing the entire record, we find no fundamental error and affirm Pendleton's convictions and sentences.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        In October 2016, a grand jury indicted Pendleton on various sex-offense charges against two unrelated child victims ("Child A" and "Child B").  Six of the nine charges related to Child A, and included molestation (Count 1), attempted molestation (Count 3), attempted sexual conduct (Count 2), sexual abuse (Count 4), furnishing obscene or harmful items (Count 5), and public sexual indecency (Count 6).  Count 4 was amended at trial to attempted sexual abuse.  The remaining three charges related to Child B, and included molestation (Counts 7 and 8) and sexual conduct (Count 9).  The trial court denied Pendleton's motion to sever trial of charges involving Child A from charges involving Child B.

¶3        Pendleton was tried from November to December 2019.  Child A testified that Pendleton came into her bedroom one night, moved his hand up her leg, and was "trying to go towards" her vagina.  Child A also testified that Pendleton attempted to touch her breast while the two were watching television.  Pendleton testified in his defense and denied touching Child A in an inappropriate manner.

¶4        Child B testified that before driving her to school one day, Pendleton "came in [her] room and . . . pulled [her] pants down and covered

[her] eyes" and proceeded to lick her vagina and tickle her vagina with his fingers.  Pendleton denied performing oral sex on Child B.

**¶5** Pendleton moved for judgment of acquittal on Counts 4 and 5.  The court denied the motion as to Count 4 but granted it as to Count 5.

**¶6** The jury acquitted Pendleton on all counts related to Child A. The court declared a mistrial as to Count 7 after the jury was unable to reach a unanimous verdict.[1]  The jury convicted Pendleton on Counts 8 and 9. The jury found that Child B was under twelve years of age at the time of the sexual conduct.

**¶7** The court sentenced Pendleton to consecutive terms of life imprisonment with the possibility of release after 35 years on Count 9 and 17-years' imprisonment on Count 8.  The court applied 1,255 days of presentence incarceration credit to Pendleton's sentence on Count 8.

**¶8** Pendleton timely appealed.  We have jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

**¶9** Because this is an *Anders* appeal, we review the entire record for fundamental error.  *See State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011).  Fundamental error is (1) prejudicial error that goes to the foundation of the case, (2) prejudicial error that takes a right essential to the defense, or (3) error that is so egregious that the defendant could not have received a fair trial.  *State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018).  "We view the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant."  *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996).

### A. Pretrial.

**¶10** Counsel informs us that Pendleton suggested we review the trial court's decision not to sever the charges.  The trial court denied severance, determining that evidence of the alleged offenses against one of the child victims would be cross-admissible to show that Pendleton "had a character trait giving rise to an aberrant sexual propensity to commit" the alleged offenses against the other child victim.  *See* Ariz. R. Evid. 404(c).

---

[1] The court granted the State's motion to dismiss Count 7 without prejudice at Pendleton's sentencing hearing.

¶11            Before admitting other-act evidence to show a defendant has a character trait giving rise to an aberrant sexual propensity, a court must make the following findings:

> First, the trial court must determine that clear and convincing evidence supports a finding that the defendant committed the other act.  Second, the court must find that the commission of the other act provides a reasonable basis to infer that the defendant had a character trait giving rise to an aberrant sexual propensity to commit the charged sexual offense.  Third, the court must find that the evidentiary value of proof of the other act is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or other factors mentioned in Rule 403.  In making the determination under Rule 403, the court also must consider the factors listed in Rule 404(c)(1)(C)(i)-(viii).  Finally, the rule requires the trial judge to make *specific* findings with respect to each of the prerequisites for admission under the rule.

*State v. Aguilar*, 209 Ariz. 40, 49, ¶ 30 (2004) (citations omitted).

¶12            The trial court made the required findings.  First, the court found that Child A's and Child B's recorded testimonies describing Pendleton's inappropriate touching constituted "credible, clear and convincing evidence that [Pendleton] committed the other act."  This was a permissible finding.  *See State v. LeBrun*, 222 Ariz. 183, 187-88, ¶¶ 13, 15-16 (App. 2009) (finding audio-taped testimony of the victims' "own statements and first-person accounts" was sufficient for the court to find clear and convincing evidence that defendant committed other acts of sexual misconduct).

¶13            Second, the court found the other-act evidence provided "a reasonable basis to infer that [Pendleton] had a character trait giving rise to an aberrant propensity to commit the charged sexual offenses with minors."

¶14            Third, the court determined that "the evidentiary value of proof of the other act [was] not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or other factors set forth in Rule 403 . . . ."  The court considered the factors listed in Rule 404(c)(1)(C), including: (i) the less than one-year time period separating the acts; (ii) the similar nature of the acts; (iii) the victims' "credible, clear, and convincing statements;" (iv) "the frequency of both acts;" and (v) the circumstances in which the acts occurred—in both cases, Pendleton being "left alone with

4

and entrusted with the care of each victim by the mother of each victim . . . ."  The court discounted any dissimilarities between the two allegations as not material; although Child A alleged more inappropriate conduct than Child B, Child A "was also exposed to [Pendleton] for a longer period of time."  The court did not find "any relevant intervening events or other relevant factors."

¶15        On this record, we cannot say the court erred, much less fundamentally erred, in denying severance. *See generally State v. James*, 242 Ariz. 126, 131, ¶ 16 (App. 2017) ("[C]lear and convincing evidence of sexually aberrant acts provides 'assurance that the other act indeed occurred,' thereby helping to 'assur[e] that probative need over-balances the potential for unfair prejudice.'" (quoting *State v. Garcia*, 200 Ariz. 471, 476, ¶ 31 (App. 2001))).

### B.      Trial.

¶16        We do not find error in the trial proceedings.  Pendleton was represented by counsel at all stages of the proceedings.  The jury was properly composed of twelve jurors. *See* A.R.S. § 21-102(A).  The trial court properly instructed the jury on the presumption of innocence, the burden of proof, the elements of the charges against Pendleton, and the necessity of a unanimous verdict.  There was sufficient evidence to support the convictions.

### C.      Sentencing.

¶17        The trial court properly sentenced Pendleton.  The court received a presentence report, and Pendleton was given an opportunity to speak at sentencing. *See* Ariz. R. Crim. P. 26.4, 26.10(b)(1).  Pendleton's 17-year sentence on Count 8 was within the statutory limits. *See* A.R.S. § 13-705(D).  His life sentence on Count 9 was proper because Child B was under twelve years of age at the time of the sexual conduct. *See* A.R.S. § 13-705(A).

**CONCLUSION**

**¶18** We affirm Pendleton's convictions and sentences. Defense counsel shall inform Pendleton of the status of the appeal and his future options. Defense counsel has no further obligations unless he finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Pendleton shall have thirty days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA