NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

JASPER IAN WEBSTER, *Appellant.*

No. 1 CA-CR 14-0572
FILED 10-29-2015

---

Appeal from the Superior Court in Mohave County
No. S8015CR201101290
The Honorable Steven F. Conn, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Christian C. Ackerley, Attorney at Law, Phoenix
By Christian C. Ackerley
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Patricia A. Orozco joined.

---

**P O R T L E Y**, Judge:

**¶1**         Jasper Ian Webster appeals his convictions and sentences for five counts of sexual conduct with a minor twelve years of age or younger, one count of molestation of a child, two counts of sexual abuse, and two counts of aggravated assault with sexual motivation.  For the following reasons, we affirm.

## DISCUSSION

### A.  Consolidation of Cases

#### 1.  Constitutional Claims

**¶2**         Webster argues that the superior court violated his confrontation and due process rights, committing structural error, by refusing to allow him to cross-examine the victims before ruling on the State's motion to consolidate.  The State sought to consolidate trial of two charges of sexual abuse of a minor under the age of fifteen and related charges involving A.M. and A.H. (CR-2011-1290), with trial of eight counts of sexual conduct with a minor twelve years of age or younger and related charges involving S.W. (CR-2012-1193).  The State argued in part that the offenses were of the "same or similar character" under Arizona Rules of Criminal Procedure ("Rule") 13.3(a)(1) and the evidence of the offenses in each case was admissible in the other under Arizona Rules of Evidence ("Rule") 404(c).

**¶3**         At the hearing, the superior court informed the parties that it had reviewed, as agreed, DVDs consisting of interviews with each of the three victims.  However, Webster argued that he "should have the right to confront these victims" before the court ruled on the motion.  The court stated that if Webster had subpoenaed the victims as witnesses, it would have granted him a hearing.  In the subsequent ruling, the court noted it had reread *State v. LeBrun*, 222 Ariz. 183, 213 P.3d 332 (App. 2009), and realized a misstatement had been made during the hearing, given that *LeBrun* stood for the proposition that the court could "deny a defense

request for any form of an evidentiary hearing." We review the evidentiary ruling implicating the Confrontation Clause de novo. *State v. Ellison*, 213 Ariz. 116, 129, ¶ 42, 140 P.3d 899, 912 (2006).

**¶4** Webster was not denied his right to confront the witnesses against him. "The right to confrontation is basically a trial right." *Barber v. Page*, 390 U.S. 719, 725 (1968); *see also Pennsylvania v. Ritchie*, 480 U.S. 39, 52-54 (1987) (right to confrontation is a trial right that does not afford a criminal defendant a right to pretrial discovery) (plurality decision). Webster's confrontation rights were satisfied because he was afforded the opportunity to cross-examine the victims at trial, on which basis he renewed his motion to sever. *See Kentucky v. Stincer*, 482 U.S. 730, 739-45 (1987) (holding that confrontation rights were satisfied by the opportunity to confront and examine witnesses against accused at some point during trial).

**¶5** Webster summarily argues for the first time on appeal that his due process rights were violated by his inability to cross-examine the victims at this pretrial hearing to determine the admissibility of the evidence. Because he has failed to present "significant arguments, supported by authority" on his due process claim to the superior court, Webster has abandoned and waived such claim. *See State v. Moody*, 208 Ariz. 424, 452 n.9, ¶ 101, 94 P.3d 1119, 1147 n.9 (2004) (quoting *State v. Carver*, 160 Ariz. 167, 175, 771 P.2d 1382, 1390 (1989)).

## 2. Substantive Ruling

**¶6** Webster also argues that the superior court abused its discretion in joining in one trial the offenses involving A.M. and A.H. (charged in CR 2011-1290) and those involving S.W. (charged in CR 2012-1193) because (1) the court did not explicitly state that it had found "by clear and convincing evidence" that Webster had committed the offenses; (2) the court relied on evidence outside the record in finding that Webster's conduct evidenced an aberrant sexual propensity; and (3) the offenses were dissimilar based on the age of the victims and the type of sexual offense alleged.

**¶7** Offenses may be joined when they "[a]re of the same or similar character." Ariz. R. Crim. P. 13.3(a)(1). Arizona Rule of Criminal Procedure 13.4(b) provides for severance as of right when offenses are (1) joined only because they are of the same or similar character, and (2) evidence of the other offense or offenses would not be admissible if the counts were tried separately. Otherwise, the court must sever offenses only when "necessary to promote a fair determination of the guilt or innocence" of the defendant. Ariz. R. Crim. P. 13.4(a). We review a trial court's ruling

on a motion to consolidate for abuse of discretion. *State v. Prince*, 204 Ariz. 156, 159, ¶ 13, 61 P.3d 450, 453 (2003).

**¶8**          The court did not abuse its discretion. First, the court did not err in failing to expressly state in its minute entry ruling that it found the other acts proven "by clear and convincing evidence," and instead stating that "the evidence is sufficient to permit the trier of fact to find that the Defendant committed each of the crimes charged in these cases." Trial judges are presumed to know the law and apply it in making their decisions. *State v. Lee*, 189 Ariz. 608, 616, 944 P.2d 1222, 1230 (1997). Webster has failed to rebut this presumption. Nor did the court err by mentioning and drawing on its 35 years of experience in hearing expert testimony regarding aberrant sexual propensities. Expert testimony is not required to admit Rule 404(c) evidence. *See* Ariz. R. Evid. 404(c) cmt. to 1997 amendment. Rather, as long as there is a "'reasonable' basis, by way of expert testimony or otherwise," to conclude that the commission of the other act permits an inference that a defendant's aberrant sexual propensity is probative, the evidence is admissible. *See id.* The court was not required to discount its knowledge and experience in informing its findings. The court had a reasonable basis to conclude that Webster's conduct in committing each of the sexual offenses against S.W., A.M., and A.H. evidenced an aberrant sexual propensity to commit the other offenses, and this court will not reverse on this basis.

**¶9**          Finally, reasonable evidence supported the court's conclusion that the offenses were of the "same or similar character," and the evidence of the offenses in each case was admissible in the other under Rule 404(c). As the court acknowledged in ruling before trial that cross-admissibility of the evidence would not unfairly prejudice Webster, and in denying his renewed motion for severance after the State rested, Webster engaged in "a much greater level of sexual conduct with his daughter [S.W.] over a greater period of time and at a younger age as compared to acts of touching or groping older neighborhood girls [A.M. and A.H.] on more isolated occasions." The court found, however, that all of the acts occurred within a relatively short time frame, at Webster's residence, and involved evidence of grooming and underage girls. On this record, the court did not abuse its discretion in consolidating trial of the offenses against A.M. and A.H. with those against S.W.

### B. Denial of Motion to Continue Trial

**¶10**          Webster argues that the superior court violated his rights to due process and the assistance of counsel by refusing to continue trial to allow him time to adequately prepare for trial and to present his expert

witness on suggestibility and false accusations. A trial court must grant a continuance "only upon a showing that extraordinary circumstances exist and that delay is indispensable to the interests of justice." Ariz. R. Crim. P. 8.5(b). "Whether denying a continuance violates a defendant's constitutional rights depends on the facts and circumstances of a particular case." *State v. Lamar*, 205 Ariz. 431, 437, ¶ 28, 72 P.3d 831, 837 (2003). We review the denial of a motion to continue for an abuse of discretion, "which we will find only if the defendant demonstrates prejudice." *State v. Forde*, 233 Ariz. 543, 555, ¶ 18, 315 P.3d 1200, 1212 (2014) (internal citations omitted).

**¶11** The superior court continued the trial at the request of Webster's original counsel numerous times before the attorney who defended Webster at trial filed a notice of appearance on November 1, 2013. The superior court continued the trial date twice at the request of Webster's trial counsel before granting a third continuance to June 17, 2014, to allow defense counsel to hire Dr. Phillip Esplin, as his expert witness. At the pretrial hearing on the continuance, defense counsel said he would be ready to try the case on June 17, the firm trial date. Counsel, however, later moved to continue trial to the end of August, on the ground he had been trial counsel for only seven months, and was not prepared to adequately defend Webster at trial. The State objected, and the court denied the motion.

**¶12** Less than two weeks before the June 17 trial date, counsel again sought a continuance, this time to the week of July 21, or later. Counsel stated that through a series of misplaced assumptions and miscommunications, he had just now learned that Dr. Esplin, whose testimony on suggestibility and false accusations was "essential to expose the inadequacies of the forensic interviews conducted in this case," was unavailable to testify at that time. He said Dr. Esplin had conflicts with the trial dates, and would not have adequate time before then in any case to review the "465-page CPS file," the dependency file, interviews with the victims, and the police report. The State objected, arguing that other alternatives, including telephonic testimony or choosing another expert, should be explored first.

**¶13** The court denied the continuance, finding that the case "has been on my calendar for two and a half years, [and] even recognizing that it's on, probably, at least the third attorney who has been on this case for, as I recall, six or seven months, I just don't think that it is acceptable to delay the trial in this case for the reasons that have been stated." Three days later, a different judge denied Webster's motion for change of judge (premised on the denial of the motion to continue), noting that this was "a very old

case," and counsel had avowed to the court in April that he would be ready for trial on June 17.

¶14            The superior court did not abuse its discretion. Counsel had seven months to prepare for trial, and his failure to ensure that he was prepared, or that the expert he had hired six weeks before had sufficient time to prepare, did not demonstrate extraordinary circumstances necessary to show that the delay was indispensable to the interests of justice. *See* Ariz. R. Crim. P. 8.5(b). Nor has Webster demonstrated that he was prejudiced by the ruling. *See Forde*, 233 Ariz. at 555, ¶ 18, 315 P.3d at 1212. The defense expert would not have been allowed to testify as to the credibility of the victim witnesses. *See State v. Tucker*, 165 Ariz. 340, 350, 798 P.2d 1349, 1359 (App. 1990) (holding that trial court abused its discretion in admitting expert testimony as to believability of the victim). And in his extensive cross-examination of the State's expert, Webster was able to elicit testimony similar to the testimony counsel said he planned to elicit from the defense expert. Under these circumstances, the denial of a continuance did not violate Webster's due process rights.

¶15            Webster also argues that the superior court committed structural error by denying the continuance, because it deprived him of the assistance of counsel at the most critical stage of his case, and caused him to "entirely fail[] to subject the case to meaningful adversarial testing." Webster concedes that ineffective assistance of counsel claims cannot be resolved on direct appeal, *see State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9, 39 P.3d 525, 527 (2002), but argues that his claim alleges a deprivation of counsel under *United States v. Cronic*, 466 U.S. 648, 659 (1984). In *Cronic*, the United States Supreme Court held that "if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights that makes the adversary process itself presumptively unreliable." 466 U.S. at 659. The Court explained that it "has uniformly found constitutional error without any showing of prejudice when counsel was either totally absent, or prevented from assisting the accused during a critical stage of the proceeding." *Id.* at n.25. In *Bell v. Cone*, the Court clarified that an "attorney's failure must be *complete*." 535 U.S. 685, 697 (2002) (emphasis added).

¶16            Here, the record fails to establish that Webster's lawyer's claimed lack of preparation for trial and inability to call his expert witness resulted in either a deprivation of the assistance of counsel or a complete failure to subject the case to meaningful adversarial testing. As previously noted, *see* ¶ 14, *supra*, counsel vigorously cross-examined the State's expert on the topics on which Webster's expert would have testified. Counsel also cross-examined other witnesses called by the State, presented testimony of

several witnesses called on Webster's behalf to challenge the victims' accounts, and provided a closing argument on Webster's behalf. Webster, as a result, has failed to demonstrate the deprivation of counsel that would warrant reversing his convictions. *See State v. Kiles*, 222 Ariz. 25, 34, ¶¶ 41-42, 213 P.3d 174, 183 (2009) (rejecting claim of complete deprivation of counsel under *Cronic*, reasoning "[t]he most that can be said is that there were delays [in appointment of counsel] and allegations of poor professional conduct."); *State v. Glassel*, 211 Ariz. 33, 51, ¶¶ 62–64, 116 P.3d 1193, 1211 (2005) (rejecting *Cronic* claim on record showing that defense counsel presented arguments and evidence, but no witnesses, in mitigation).

### C. Failure to Sanitize Prior Conviction

¶17        Webster argues that the superior court abused its discretion in failing to preclude any mention of the nature of the felony of which his wife had been convicted, allowing jurors to infer that her child abuse conviction was related to the offenses for which Webster was being tried. We disagree.

¶18        The State informed the court and defense counsel the first day of trial that it intended to elicit testimony that the conviction "arises out of this event," but not any greater detail. The court advised counsel that it would assume they had reached a stipulation on this issue unless informed otherwise before the testimony. The State subsequently asked Webster's wife if she had been convicted of felony child abuse, and she responded affirmatively. Counsel objected, however, when the State attempted to ask her, "And is that for the —." At a bench conference, the court ruled the question was permissible, and the State could also ask Webster's wife if her conviction arose out of this incident, but nothing more. The State did not ask the witness any more questions about her conviction.

¶19        We review evidentiary rulings for abuse of discretion, deferring to the superior court's determination of relevance. *State v. Chappell*, 225 Ariz. 229, 238, ¶ 28, 236 P.3d 1176, 1185 (2010). Arizona Rule of Evidence ("Rule") 609(a)(1)(A) provides that evidence of a crime punishable by imprisonment of more than one year must be admitted for impeachment of a non-defendant witness in a criminal case, subject to Rule 403. Rule 609(a) does not require the prior conviction being used to impeach a witness to be sanitized. *State v. Harrison*, 195 Ariz. 28, 33, ¶ 23, 985 P.2d 513, 518 (App. 1998). The trial court, however, can exercise its discretion in determining whether to sanitize a felony conviction. *State v. Montano*, 204 Ariz. 413, 426, ¶ 66, 65 P.3d 61, 74 (2003). As a result, we cannot say the court abused its discretion in failing to preclude any

reference to the nature of the wife's prior conviction for impeachment purposes.

¶20     Moreover, and for the sake of argument, any error was harmless because the court properly instructed the jury that prior felony convictions could be considered in evaluating the credibility of the witness, but not to prove the witness had bad character, or a disposition to commit crimes. We presume the jurors followed the instruction in the absence of evidence to the contrary. *See State v. Newell*, 212 Ariz. 389, 403, ¶ 68, 132 P.3d 833, 847 (2006). Consequently, any error in admitting the nature of Webster's wife's felony conviction "did not contribute to or affect the verdict or sentence," and accordingly was harmless. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 18, 115 P.3d 601, 607 (2005).

### D. Denial of Rule 20 Motion on Counts 11-13

¶21     Webster argues that the superior court erred by denying his motion for judgment of acquittal on Counts 11-13 because S.W. was not residing at the Webster home during the dates those offenses were alleged to have been committed, on or between August 16 and September 25, 2012. We review the sufficiency of the evidence to support a conviction or the denial of judgment of acquittal de novo. *State v. West*, 226 Ariz. 559, 562, ¶15, 250 P.3d 1188, 1191 (2011*)*. We resolve all conflicts in the evidence against defendant. *State v. Girdler*, 138 Ariz. 482, 488, 675 P.2d 1301, 1307 (1983*)*. Credibility of the witnesses is an issue for the jury, not this court. *See State v. Dickens*, 187 Ariz. 1, 21, 926 P.2d 468, 488 (1996), *abrogated on other grounds by State v. Ferrero*, 229 Ariz. 239, 242-43, ¶¶ 15-20, 274 P.3d 509, 512-13 (2012). "[W]hen reasonable minds may differ on inferences drawn from the facts, the case must be submitted to the jury, and the trial [court] has no discretion to enter a judgment of acquittal." *West*, 226 Ariz. at 563, ¶ 18, 250 P.3d at 1192 (citations and internal punctuation omitted).

¶22     The evidence was sufficient. S.W. testified that conduct of the nature charged in Counts 11, 12, and 13 occurred after she started third grade. S.W.'s mother testified that S.W. was removed from the home sometime in August, possibly August 15, in the afternoon, after she had gone to school that morning. And Webster called a caseworker for the Department of Child Safety, who testified that S.W. was removed from the Webster residence on August 16, 2012. During deliberations, the jury sent a note to the court demonstrating that it was aware of the potential discrepancy with the date these counts were allegedly committed, stating that "our notes show [S.W.] was removed from the home on August 16, 2012," the first date in the range of dates that Counts 11, 12, and 13 were alleged to have been committed. The court responded to the jury's question

on when precisely S.W. was removed from the home by directing it to rely on "your collective recollection." The jury could have found that the caseworker's testimony on the date was not credible, or that Webster engaged in the charged conduct on that date, either before S.W. went to school or after she returned home, or both times, but before she was removed from the family residence. Based on the record, the court did not err by denying judgment of acquittal, because a reasonable jury could have found beyond a reasonable doubt that Webster committed these offenses.

### E. Denial of *Willits* Instruction

**¶23**     Webster argues that the superior court abused its discretion by denying his motion for an instruction under *State v. Willits*, 96 Ariz. 184, 393 P.2d 274 (1964), based on the failure of the detective to preserve the recording of an interview of a key witness, who denied the detective's claim that the witness had said that Webster's conduct with girls was "a little inappropriate." The detective testified he was unable to download anything from his digital recorder, possibly because the room where he recorded the interview was "very large and open and echoey." The court denied the request to give instruction, finding that the detective had not lost the recording, because it "was never capable of being produced."

**¶24**     The *Willits* instruction allows the jury to draw an inference from the State's destruction of material evidence that the lost or destroyed evidence would be unfavorable to the State. *State v. Fulminante*, 193 Ariz. 485, 503, ¶ 62, 975 P.2d 75, 93 (1999). A defendant is entitled to a *Willits* instruction upon proving that "(1) the state failed to preserve material and reasonably accessible evidence that could have had a tendency to exonerate the accused, and (2) there was resulting prejudice." *State v. Glissendorf*, 235 Ariz. 147, 150, ¶ 8, 329 P.3d 1049, 1052 (2014) (citations omitted). We review the denial of a *Willits* instruction for abuse of discretion. *Id.* at ¶ 7.

**¶25**     Webster relies on sheer speculation that the recording was in fact "reasonably accessible" and could have been "preserved" by an IT specialist. A defendant is not entitled to a *Willits* instruction if a law enforcement officer failed, for unknown reasons, in his attempt to record a witness interview. *See State v. Murray*, 184 Ariz. 9, 33, 906 P.2d 542, 566 (1995) (defendant is not entitled to a *Willits* instruction "merely because a more exhaustive investigation could have been made."); *State v. Willcoxson*, 156 Ariz. 343, 346, 751 P.2d 1385, 1388 (App. 1987) ("failure to pursue every lead or gather every conceivable bit of physical evidence" does not require *Willits* instruction). As a result, the court did not abuse its discretion in denying the instruction.

**CONCLUSION**

¶26     Based on the foregoing, we affirm Webster's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
FILED: ama