213 P.3d 332

**STATE of Arizona, Appellee,**

v.

**Paul Francis LEBRUN, Appellant.**

Nos. 1 CA–CR 06–0060, 1 CA–CR 06–0468.

Court of Appeals of Arizona, Division 1, Department D.

July 14, 2009.

Terry Goddard, Attorney General By Kent E. Cattani, Chief Counsel, Criminal Appeals Section and Robert A. Walsh, Assistant Attorney General, Phoenix, Attorneys for Appellee.

James J. Haas, Maricopa County Public Defender By Margaret M. Green, Deputy Public Defender, Phoenix, Attorneys for Appellant.

## OPINION

THOMPSON, Judge.

¶ 1 Paul Francis LeBrun (defendant) appeals his convictions on three counts of sexual conduct with a minor and three counts of child molestation, each a class 2 felony and dangerous crime against children. Defendant asserts that the trial court erred by (1) allowing joinder of the charges involving separate victims and (2) admitting sexual propensity evidence without holding an evidentiary hearing to determine whether clear and convincing evidence existed to support the rulings. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶ 2 Defendant is a priest who worked with underprivileged and troubled children and their families. He began his work as a youth minister in Indiana and later was transferred to Arizona, where he continued to perform the same kind of work. The state charged defendant with eight counts of sexual conduct with a minor and five counts of child molestation in four separate cases. The thirteen charges stemmed from accusations by six Arizona men who reported that defendant had touched them inappropriately when they were children. The time period for the incidents charged spanned from July 1986 to October 1991.

¶ 3 Before trial, the state moved to join the four cases and thirteen counts for trial. Defendant opposed the state's motion and

moved to have each count tried separately. The trial court denied defendant's motion to sever and directed that all counts be tried together. In addition, the trial court granted the state's motion to admit evidence at trial that defendant had engaged in similar misconduct with four other boys between 1979 and 1986 while working in Indiana.

¶ 4 A jury found defendant guilty of three counts of sexual conduct with a minor and three counts of child molestation and acquitted him on one count of child molestation. The trial court dismissed another count of child molestation before jury deliberations. The jury was unable to reach a verdict on the five remaining counts, and those counts were subsequently dismissed on the state's motion. The trial court sentenced defendant to consecutive prison terms totaling 111 years. Defendant appealed.

## DISCUSSION

¶ 5 Defendant argues that the trial court erred in granting the state's motion to consolidate the thirteen counts and denying his motion to sever. In particular, he claims that, in accordance with *State v. Aguilar*, 209 Ariz. 40, 97 P.3d 865 (2004), the trial court was required to conduct an evidentiary hearing at which he could cross-examine the victims. Defendant asserts that such a hearing was necessary under Arizona Rule of Evidence 404(c) to establish that there was clear and convincing evidence that he committed the charged acts. We review a trial court's decisions on joinder and severance for an abuse of discretion. *State v. Prince*, 204 Ariz. 156, 159, ¶ 13, 61 P.3d 450, 453 (2003) (citations omitted). Likewise, we review rulings on the admissibility of evidence for an abuse of discretion. *State v. Roscoe*, 184 Ariz. 484, 491, 910 P.2d 635, 642 (1996) (citation omitted).

¶ 6 Arizona Rule of Criminal Procedure 13.3(a) permits two or more offenses to be charged in one proceeding if they (1) are of the same or similar character, (2) are based on the same conduct or otherwise connected together in their commission, or (3) are alleged to have been part of a common scheme or plan. In addition, if such offenses are charged in separate proceedings, "they

may be joined in whole or in part by the court or upon motion of either party, provided that the ends of justice will not be defeated thereby." Ariz. R.Crim. P. 13.3(c). When, as in this case, joinder is based solely on the offenses having the same or similar character, a defendant is entitled to have the offenses severed as a matter of right "unless evidence of the other offense or offenses would be admissible under applicable rules of evidence if the offenses were tried separately." Ariz. R.Crim. P. 13.4(b). Denial of a motion to sever under Rule 13.4(b) constitutes reversible error "if the evidence of other crimes would not have been admitted at trial" for a proper evidentiary purpose. *Aguilar*, 209 Ariz. at 51, ¶ 38, 97 P.3d at 876 (quoting *State v. Ives*, 187 Ariz. 102, 106, 927 P.2d 762, 766 (1996)).

¶ 7 The trial court granted the state's motion for joinder and denied defendant's motion to sever after finding that evidence of the charged offenses would be cross-admissible if tried separately. The trial court's finding of cross-admissibility was based on Arizona Rule of Evidence 404(c). This rule provides that,

> [i]n a criminal case in which a defendant is charged with having committed a sexual offense ..., evidence of other crimes, wrongs, or acts may be admitted by the court if relevant to show that the defendant had a character trait giving rise to an aberrant sexual propensity to commit the offense charged.

*Id.*

¶ 8 In ruling on the cross-motions for joinder and severance, the trial court rejected defendant's request for an evidentiary hearing at which the victims would testify and be cross-examined about the alleged offenses. Instead, the trial court relied on audio and video recordings of statements by the victims in concluding that clear and convincing evidence existed to support a finding that defendant committed the offenses. Defendant maintains that the trial court's consideration of unsworn statements for determining admissibility under Rule 404(c) failed to comply with the dictates of *Aguilar* that the trial court hear testimony to determine the vic-

tims' credibility. In addition, defendant claims that admission of other act propensity evidence in the absence of an evidentiary hearing violates his right to due process.

¶ 9 As an initial matter, we find that defendant's constitutional claim is not properly before us on appeal. Defendant failed to raise this claim below. In fact, he explicitly told the trial court that his argument on the need for an evidentiary hearing was not based on any constitutional right. Instead, defendant relied totally on the supreme court's decision in *Aguilar*. "This court may therefore properly decline to consider defendant's constitutional claims." *State v. Spreitz*, 190 Ariz. 129, 145, 945 P.2d 1260, 1276 (1997).

¶ 10 We note that Rule 404(b) does not require an evidentiary hearing, and Rule 404(c), which is similar to Rule 404(b), does not expressly require one. In addition, contrary to defendant's contention, *Aguilar* does not always require an evidentiary hearing for admission of sexual propensity evidence under Rule 404(c). In *Aguilar*, the supreme court examined Rule 404(c) "to determine whether the aberrant sexual propensity exception to the prohibition against character evidence, codified in Arizona Rule of Evidence 404(c), encompasses sexual assaults against adults when the defendant claims the victims consented." 209 Ariz. at 41, ¶ 1, 97 P.3d at 866. The defendant in *Aguilar* had been charged in a single indictment with sexually assaulting several women. *Id.* at ¶ 2. He admitted that he had engaged in sexual conduct with the women but claimed that each woman had consented. *Id.* Like defendant in the present case, he moved to sever the counts pursuant to Rule 13.4(b). *Id.* at ¶ 3. The trial court denied the motion on the basis that the counts were properly joined pursuant to Rule 13.3(a)(1) and that the evidence as to each victim was cross-admissible pursuant to Rule 404(c). *Id.* at 41, ¶¶ 3–4, 97 P.3d at 866. On appeal, the supreme court concluded that, because Arizona Revised Statutes § 13–1420(C)(3)(2007) includes sexual assault as a "sexual offense," charges involving nonconsensual heterosexual contact between adults were included in

the aberrant sexual propensity exception. *Id.* at 47–49, ¶¶ 24–28, 97 P.3d at 872–74.

¶ 11 The supreme court in *Aguilar* further addressed the requirements that must be met before other act propensity evidence may be admitted under Rule 404(c):

Before admitting other act evidence to show that the defendant had a character trait giving rise to an aberrant sexual propensity to commit the charged sexual offense, a trial judge must make three determinations. First, the trial court must determine that clear and convincing evidence supports a finding that the defendant committed the other act. Second, the court must find that the commission of the other act provides a reasonable basis to infer that the defendant had a character trait giving rise to an aberrant sexual propensity to commit the charged sexual offense. Third, the court must find that the evidentiary value of proof of the other act is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or other factors mentioned in Rule 403. In making the determination under Rule 403, the court must consider the factors listed in Rule 404(c)(1)(C)(i)-(viii). Finally, the rule requires the trial judge to make *specific* findings with respect to each of the prerequisites for admission under the rule.

*Id.* at 49, ¶ 30, 97 P.3d at 874 (citations omitted). The supreme court then proceeded to examine whether the trial court made the specific findings necessary to support cross-admissibility under Rule 404(c). *Id.* at ¶ 32. After considering the findings by the trial court, the supreme court held that the trial court had erred, not because there was no evidentiary hearing, but because the trial court's factual findings on whether there was clear and convincing evidence that the defendant actually committed sexual assaults were insufficient to support the determination of admissibility. *Id.* at 50, ¶ 35, 97 P.3d at 875.

¶ 12 In making its Rule 404(c) findings in ruling on the defendant's motion for severance in *Aguilar*, the trial court rested its determination that there was clear and convincing evidence that the defendant committed each of the charged offenses on the fact

that he admitted to the police that he had sexual contact with the victims. *Id.* at ¶ 34. The supreme court reasoned that this finding was insufficient because the issue was "not simply whether Aguilar had sexual contact with the victims, but also whether that sexual contact was without the victims' consent." *Id.* The supreme court further noted that, because "resolution of this issue-whether the victims consented to the sexual contact-turns largely on the credibility of the witnesses," the trial court had "to make a credibility determination that the victims' accounts of the assaults were more credible than Aguilar's for the court to make the necessary finding that clear and convincing evidence established the sexual contact in each incident was nonconsensual." *Id.* at ¶ 35. The supreme court concluded that, because the materials before the trial court consisted of a second hand recitation of the competing claims on the issue of consent, such a finding could not be made "when the court neither heard from the victims nor was presented with any prior testimony by them." *Id.*

¶ 13 Therefore, while *Aguilar* required a hearing based on the circumstances of that case, an evidentiary hearing is not always required in all cases. Unlike the situation in *Aguilar,* the trial court in this case made all the findings required by Rule 404(c) for a determination that the charged offenses were cross-admissible. Defendant does not contend otherwise. His challenge to the trial court's ruling is limited to the *nature* of the evidence considered by the court in deciding admissibility. Our review of *Aguilar* and the Rules of Evidence, including Rule 404(c), reveals nothing that categorically restricts the types of evidence the trial court may consider in determining the admissibility of evidence under Rule 404(c). *See* Ariz. R. Evid. 104(a) (trial court not bound by rules of evidence except with respect to privilege in deciding preliminary questions concerning admissibility of evidence); *State v. Hutchinson,* 141 Ariz. 583, 588, 688 P.2d 209, 214 (App.1984) (citations omitted) (same). The trial court heard from the victims through their videotaped and audio-taped testimony.

¶ 14 As for defendant's specific contention, the *Aguilar* court made no mention of the need for an evidentiary hearing involving live testimony in order to admit sexual propensity evidence under Rule 404(c). If the supreme court meant to require that such a hearing be held in all cases, it could have easily indicated that in its decision and reversed on that basis. The error found to have occurred in *Aguilar* was the trial court's failure to make a finding that the defendant's sexual conduct with the victims was non-consensual, a factually necessary predicate for admissibility under the circumstances of that case, and a finding that the written materials submitted could not sustain. 209 Ariz. at 50, ¶ 35, 97 P.3d at 875. Absent some clear indication that Rule 404(c) requires that the trial court hear live testimony to determine admissibility of sexual propensity evidence, it is not this court's place to read such a requirement into the rule.

¶ 15 The materials that the trial court reviewed in the present case were more than sufficient to sustain its finding that there was clear and convincing evidence to support cross-admission of each of the charged acts under Rule 404(c). Here, in contrast to the situation in *Aguilar,* the trial court heard the victims' own statements and first-person accounts of what they observed or perceived regarding defendant's conduct. *See State v. Lee,* 189 Ariz. 590, 599, 944 P.2d 1204, 1213 (1997) (the defendant's incourt testimony regarding his involvement in separate murders made the details of each murder admissible and relevant to the other under Rule 404(b) ). Moreover, before making the final ruling on the admissibility of this other act evidence, the trial court gave defendant the opportunity to present evidence disputing the victims' statements, but defendant offered nothing. As a result, there was no material issue of fact as to the nature of the acts that the trial court had to resolve in determining admissibility. Under these circumstances, there was no need for the trial court to conduct an evidentiary hearing to evaluate the sufficiency of the evidence. Because the record fully supports the trial court's ruling that the charged acts were cross-admissible under Rule 404(c), we find that the trial court did not err in granting the motion for joinder and denying the motion for severance.

¶ 16 Defendant also challenges the ruling allowing the state to introduce evidence of instances of sexual misconduct by him in Indiana. In ruling on the state's motion to admit the evidence under Rule 404(c), the trial court again relied on taped statements by the Indiana victims. Like his claim of error with respect to the trial court's ruling on the cross-motions for joinder and severance, defendant asserts that the trial court was required to conduct an evidentiary hearing regarding the credibility of the Indiana victims. As with defendant's other claim, we hold that the materials reviewed by the trial court were sufficient to permit a finding that there was clear and convincing evidence establishing that defendant committed the other acts of sexual misconduct without an evidentiary hearing to evaluate credibility. Accordingly, there was no abuse of discretion in the admission of evidence regarding the Indiana incidents.

## CONCLUSION

¶ 17 For the foregoing reasons, we affirm defendant's convictions and sentences.

CONCURRING: LAWRENCE F. WINTHROP, Presiding Judge and SHELDON H. WEISBERG, Judge.