393 P.3d 467

**The STATE of Arizona, Appellee,**

v.

**Terry Dale JAMES, Appellant.**

**No. 2 CA-CR 2015-0447**

Court of Appeals of Arizona,
Division 2.

Filed March 29, 2017

Mark Brnovich, Arizona Attorney General, Joseph T. Maziarz, Chief Counsel, Phoenix, By Mariette Ambri, Assistant Attorney General, Tucson, Counsel for Appellee

Dean Brault, Pima County Legal Defender, By Scott A. Martin and Robb P. Holmes, Assistant Legal Defenders, Tucson, Counsel for Appellant

Chief Judge Eckerstrom authored the opinion of the Court, in which Presiding Judge Howard and Judge Vásquez concurred.

## OPINION

ECKERSTROM, Chief Judge:

■ ¶1 Following a jury trial, appellant Terry James was convicted of child molestation and sexual conduct with a minor under the age of twelve. The trial court imposed enhanced, consecutive sentences of twenty-one years and life with the possibility of release after thirty-five years, respectively.[1] On appeal, James primarily challenges the admission of other-act evidence pursuant to Rule 404(c), Ariz. R. Evid. We affirm for the reasons that follow.

### Factual and Procedural Background

■ ¶2 We view the facts in the light most favorable to sustaining the convictions. *See State v. Dixon*, 226 Ariz. 545, n.2, 250 P.3d 1174, 1177 n.2 (2011). In 2014, James was charged in Pima County with two offenses arising from a single episode against T.H., his step-granddaughter, at some point between 2002 and 2007. T.H. was born in 1997, and she was between six and ten years old at the time of the incident. Count one alleged James had committed child molestation by touching her vulva with his finger;

---

1.  We correct the sentencing minute entry by deleting the identical commencement date for the consecutive sentence imposed for count two, sexual conduct with a minor. *Cf. State v. Ovante*, 231 Ariz. 180, ¶39, 291 P.3d 974, 982 (2013) (correcting similar error). "It is … manifestly impossible for consecutive sentences to both begin on the same date." *State v. Young*, 106 Ariz. 589, 591, 480 P.2d 345, 347 (1971).

count two alleged sexual conduct with a minor based on him licking her vulva.

¶ 3 Before trial, the state sought to introduce evidence of other sex acts James had committed against T.H. around the same period of time. Those acts had been reported to, and investigated by, police in Mesa in 2006. Because T.H. was reluctant to participate in that investigation, no charges were brought in that jurisdiction. The state further sought to introduce evidence of various sex offenses James had committed against his stepdaughter A.H., who is T.H.'s mother, when she was a child in the 1980s. Those acts against A.H. had resulted in James pleading guilty to attempted sexual abuse.

¶ 4 James opposed the state's motion and requested an evidentiary hearing in which A.H. and T.H. would testify and be subject to cross-examination. He asserted, *inter alia*, that without such testimony the trial court could not find he had committed the other acts by clear and convincing evidence.

¶ 5 After hearing argument on the motion, the trial court denied James's requested hearing. The court then ruled the other-act evidence admissible under Rule 404(c) and made the findings required by that provision. The court based its ruling on "the documents that the State submitted as an offer of proof." [2] James had referred to several of those documents during the hearing, and he made no objection based on a lack of disclosure. With two exceptions, however, those materials were never entered into the trial court's record.[3]

¶ 6 At trial, A.H. testified that, from the time she was about seven years old until she was sixteen, James "would fondle [her] ... fondle [her] vagina ... grab [her] breast ... try to lick [her] ... [and] take pictures of [her]." A.H. further testified that James had been convicted based on those acts. As to the Mesa incidents, T.H. testified James had

touched and licked her vagina, he had rubbed his penis against her vagina on three separate occasions, and he had taken photographs of her vagina.

¶ 7 With regard to the charged offenses in Pima County, T.H. testified that James had told her parents he was taking her to a store in his pickup truck. He then drove her to a remote area in the desert, stopped the truck, removed her pants, licked her vagina, and touched it with his finger. In a recorded telephone conversation or "confrontation call" from 2014 admitted at trial, James apologized to T.H. for touching and licking her vagina when she was younger. He also apologized when she stated he had done "it" to her "every time" she had visited him.

¶ 8 When T.H. asked why he had acted this way, James explained he was sexually attracted to young girls and he found it difficult to control his impulses around them. He acknowledged he had been similarly attracted to T.H.'s mother when she was a child, and, as a result, he had been convicted as a sex offender for "messing around" with her. The record of conviction the state entered into evidence showed that James had pleaded guilty in 1991 to attempted sexual abuse committed against A.H. in 1989.

¶ 9 After the jury found James guilty of both the charges, the trial court determined he had one predicate felony conviction. The court imposed the enhanced sentences noted above, and this appeal followed.

### Other–Act Evidence

¶ 10 James challenges the trial court's admission of the other-act evidence on the ground that "contested [Rule] 404(c) evidence must be demonstrated by clear and convincing evidence at a pretrial hearing based on live witness testimony or former witness testimony, subject to cross-examination, with a

---

**2.** According to the trial court's remarks at the hearing, it had "read" T.H.'s statements in a forensic interview regarding the present offenses, a transcript of T.H.'s "confrontation call" with James, an interview between James and a detective in this matter, police reports regarding the crimes against A.H., documents related to his conviction for that abuse, and police reports regarding the Mesa offenses against T.H.

**3.** The parties acknowledge that a record of James's prior conviction was later admitted into evidence, and the audio recording of the telephone call between T.H. and James was admitted at trial, but not the transcript of it.

sufficient record to permit effective appellate review." Our analysis begins with the text of the rule, which provides, in relevant part:

In a criminal case in which a defendant is charged with having committed a sexual offense, or a civil case in which a claim is predicated on a party's alleged commission of a sexual offense, evidence of other crimes, wrongs, or acts may be admitted by the court if relevant to show that the defendant had a character trait giving rise to an aberrant sexual propensity to commit the offense charged. In such a case, evidence to rebut the proof of other crimes, wrongs, or acts, or an inference therefrom, may also be admitted.

(1) In all such cases, the court shall admit evidence of the other act only if it first finds each of the following:

(A) The evidence is sufficient to permit the trier of fact to find that the defendant committed the other act.

(B) The commission of the other act provides a reasonable basis to infer that the defendant had a character trait giving rise to an aberrant sexual propensity to commit the crime charged.

(C) The evidentiary value of proof of the other act is not substantially outweighed by danger of unfair prejudice, confusion of issues, or other factors mentioned in Rule 403 . . . .

(D) The court shall make specific findings with respect to each of (A), (B), and (C) of Rule 404(c)(1).

Ariz. R. Evid. 404(c).

¶ 11 The parties essentially raise three issues related to the other-act evidence. First, they dispute what a trial court must find when making its clear-and-convincing determination under Rule 404(c)(1)(A). Second, they disagree about whether an evidentiary hearing with witness testimony was required in this case.[4] Third, they dispute what effect, if any, resulted from the failure to include in the record the state's proffered evidence. We address each issue in turn,

mindful that we generally review the admission of evidence under Rule 404(c) for an abuse of discretion, *see State v. Vega*, 228 Ariz. 24, ¶ 6, 262 P.3d 628, 630 (App. 2011), yet we review de novo the interpretation of the rules of evidence. *See State v. Steinle*, 239 Ariz. 415, ¶ 6, 372 P.3d 939, 941 (2016).

## Clear and Convincing Evidence

¶ 12 As a threshold matter, we must address what a trial court is required to find pursuant to Rule 404(c)(1)(A) when admitting other-act evidence. James contends a court must find, by clear and convincing evidence, that the defendant committed the other act alleged. The state, emphasizing the language of this subsection, maintains that the rule merely requires a determination of the legal sufficiency of the evidence, namely whether it would "permit *the trier of fact* to find that the defendant committed the other act." Ariz. R. Evid. 404(c)(1)(A) (emphasis added). The state further reasons that, because the uncorroborated testimony of a single victim may suffice as proof beyond a reasonable doubt in cases involving sexual offenses, *State v. Williams*, 111 Ariz. 175, 177–78, 526 P.2d 714, 716–17 (1974), a trial court must find the Rule 404(c) standard met when an alleged act is supported by a victim's statement, unless the victim's account is physically impossible or otherwise so equivocal that reasonable persons could not accept it as true. If a trial court were to actually weigh the evidence under Rule 404(c), the state contends, this would "usurp the trier of fact's (*i.e.*, the jury's) role."

¶ 13 We reject the state's argument for several reasons. Our supreme court has repeatedly stated that, as a prerequisite for admitting evidence under Rule 404(c), "the court must find by clear and convincing evidence that the defendant committed the other act." *State v. Goudeau*, 239 Ariz. 421, ¶ 59, 372 P.3d 945, 968 (2016); *accord State v. Ferrero*, 229 Ariz. 239, n.1, 274 P.3d 509, 511 n.1 (2012) (noting "[t]he state must prove

---

**4.** Although James contends the denial of such a hearing violated his rights to confrontation and due process, we find these constitutional claims waived on appeal due to his failure to develop a legal argument on these issues. *See* Ariz. R. Crim.

P. 31.13(c)(1)(vi); *see also State v. Moody*, 208 Ariz. 424, n.9, 94 P.3d 1119, 1147 n.9 (2004) ("Merely mentioning an argument is not enough.").

that the defendant committed the other act" and citing *State v. Terrazas*, 189 Ariz. 580, 584, 944 P.2d 1194, 1198 (1997), as source of heightened standard of proof); *State v. Aguilar*, 209 Ariz. 40, ¶¶ 30, 34, 97 P.3d 865, 874, 875 (2004) (citing *Terrazas* and emphasizing trial court should focus on whether clear and convincing evidence establishes defendant committed other crimes). As an intermediate appellate court, we are bound to follow our supreme court's construction of its own rules. *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, ¶ 10, 189 P.3d 344, 347 (2008); *see State v. Bejarano*, 219 Ariz. 518, ¶ 6, 200 P.3d 1015, 1017 (App. 2008) ("[W]e may not disregard or modify the law as articulated by the Arizona Supreme Court....").

¶ 14 However, even if the issue were an undecided one, we would reject the state's contention given the great weight of authority against it. We acknowledge that the language of Rule 404(c) does not resolve the question presented. Indeed, the text of the rule does not specify any standard of proof for the admission of other-act evidence, which has led some commentators to question whether the clear-and-convincing standard articulated for criminal cases applies equally to civil ones. *See, e.g.*, 1 Daniel J. McAuliffe & Shirley J. McAuliffe, *Arizona Law of Evidence* § 104:5 (4th ed. 2016). This lack of textual clarity in Rule 404(c)(1)(A) allows a court to consider the rule's comment as evidence of the rule-makers' intended meaning. *See Aguilar*, 209 Ariz. 40, ¶ 26, 97 P.3d at 873. That comment provides, in unambiguous terms: "To be admissible in a criminal case, the relevant prior bad act must be shown to have been committed by the defendant by clear and convincing evidence." Ariz. R. Evid. 404(c) cmt. to 1997 amend.

¶ 15 Additional support for this view is found in the purpose of the rule, which is made manifest by its history and features. *See State v. Whitman*, 234 Ariz. 565, ¶ 8, 324 P.3d 851, 852 (2014) (recognizing language, context, background, and purpose of rule as guides to interpretation). In *Aguilar*, our supreme court explained that it had promulgated Rule 404(c) as a compromise measure, rejecting a broader proposal based on a federal rule "that would [have] allow[ed] a court

to admit evidence of other sex crimes in most cases charging a sexual offense." *Aguilar*, 209 Ariz. 40, ¶¶ 19–20, 97 P.3d at 871. Our supreme court also included procedural provisions in Rule 404(c) that are designed to reduce the extreme risk of undue prejudice a defendant faces when evidence of an aberrant sexual trait is offered. *Aguilar*, 209 Ariz. 40, ¶¶ 30–31, 97 P.3d at 874. Those procedures require a trial court to make specific findings regarding the pertinent standard of proof, the probative value of the evidence offered, and the potential for unfair prejudice. *See* Ariz. R. Evid. 404(c)(1)(D).

¶ 16 Rather than being an empty formality, this process is designed to be a meaningful exercise. *Aguilar*, 209 Ariz. 40, ¶¶ 30–31, 97 P.3d at 874. Requiring clear and convincing evidence of sexually aberrant acts provides "assurance that the other act indeed occurred," thereby helping to "assur[e] that probative need over-balances the potential for unfair prejudice." *State v. Garcia*, 200 Ariz. 471, ¶ 31, 28 P.3d 327, 332 (App. 2001), *disapproved in part by Ferrero*, 229 Ariz. 239, ¶¶ 10–12, 274 P.3d at 511–12. Arizona courts impose an elevated standard of proof under Rule 404(b) in criminal cases for the same reason: "[b]ecause of the high probability of prejudice from the admission of prior bad acts, the court must ensure that the evidence against the defendant directly establishes 'that the defendant took part in the collateral act.'" *Terrazas*, 189 Ariz. at 584, 944 P.2d at 1198, *quoting* Vivian M. Rodriguez, *The Admissibility of Other Crimes, Wrongs or Acts Under the Intent Provision of Federal Rule of Evidence 404(B): The Weighing of Incremental Probity and Unfair Prejudice*, 48 U. Miami L. Rev. 451, 457 (1993).

¶ 17 Accordingly, we hold that Rule 404(c) requires a trial court to determine, by clear and convincing evidence, that the defendant committed the other act. As a purely textual matter, the state's contrary argument is a significant one. Yet the state's construction fails to account for the interrelated provisions of Rule 404(c) and the rationale behind them. In essence, the state urges an approach similar to the federal rules of evidence, which assess whether the "jury could

reasonably find ... that the 'other act' occurred" under the applicable standard of proof. *United States v. Enjady*, 134 F.3d 1427, 1433 (10th Cir. 1998), *citing Huddleston v. United States*, 485 U.S. 681, 685, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988). Because the Arizona Supreme Court has deliberately departed from the federal rules in this respect, *see Aguilar*, 209 Ariz. 40, ¶¶ 19–20, 97 P.3d at 870–71; *Terrazas*, 189 Ariz. at 581–82, 944 P.2d at 1195–96, we cannot accept the state's contention.

### Evidentiary Hearing

■ ¶ 18 As they did below, the parties next dispute whether the trial court was required to conduct an evidentiary hearing with witness testimony concerning the alleged other acts. James maintains such a hearing was necessary, relying on our supreme court's decision in *Aguilar*. The state takes the opposite position, citing this court's opinion in *State v. LeBrun*, 222 Ariz. 183, 213 P.3d 332 (App. 2009). The resolution of this question demands a somewhat detailed examination of both cases.

¶ 19 In *Aguilar*, the trial court had found evidence of three separate sexual assaults to be cross-admissible under Rule 404(c). *Aguilar*, 209 Ariz. 40, ¶¶ 2–4, 97 P.3d at 866. In making this ruling, the court had based its decision solely on the pleadings, the arguments of counsel, and a transcript of the grand jury proceeding. *Id.* ¶ 33. Those materials contained no testimony from the victims, only descriptions of their statements to police. *Id.* Thus, although the documents established that the defendant had been accused of sexual assault by the victims, those items did not resolve whether the sexual encounters had been consensual, as the defendant had claimed. *Id.* ¶ 34.

¶ 20 On these facts, our supreme court held that the determination required by Rule 404(c)(1)(A) depended on the relative credibility of the victims compared to the defendant. *Aguilar*, 209 Ariz. 40, ¶ 35, 97 P.3d at 875. The court further noted that a resolution of this credibility question was impossible because the trial court "neither heard from the victims nor was presented with any prior testimony from them." *Id.* Our supreme

court therefore reversed the lower court's ruling due to insufficient evidence in the record "to make the necessary finding that clear and convincing evidence established" the other crimes. *Id.*

¶ 21 In *LeBrun*, this court distinguished *Aguilar* and clarified that Rule 404(c) does not require an evidentiary hearing with witness testimony in every case. *LeBrun*, 222 Ariz. 183, ¶ 13, 213 P.3d at 336. The state had submitted evidence to the trial court that included "audio and video recordings of statements by the victims." *Id.* ¶ 8. We found this evidence sufficient to support a clear-and-convincing determination under Rule 404(c)(1)(A). *LeBrun*, 222 Ariz. 183, ¶ 15, 213 P.3d at 336. In so holding, we noted that the rules of evidence do not restrict the types of evidence a court may consider, nor do they necessarily require sworn statements. *Id.* ¶¶ 8, 13–14; *see* Ariz. R. Evid. 104(a) ("The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible. In so deciding, the court is not bound by evidence rules, except those on privilege."). Yet we also noted that no issue of material fact existed for the trial court to resolve in order to determine the admissibility of the evidence. *LeBrun*, 222 Ariz. 183, ¶ 15, 213 P.3d at 336.

¶ 22 We conclude the present case is more like *LeBrun* than *Aguilar*, although we recognize that it lies between the two in some respects. Much like in *Aguilar*, the trial court here relied on documentary evidence to support its ruling. The court based its decision largely on "police reports" reciting the statements of the witnesses. But the court also considered first-person accounts by the victims, as in *LeBrun*, 222 Ariz. 183, ¶ 15, 213 P.3d at 336. The court read a transcript of T.H.'s forensic interview and a transcript of the confrontation call between T.H. and James. Unlike the recordings at issue in *LeBrun*, the transcripts in this case do not capture a witness's appearance and demeanor, *see State v. Sparks*, 147 Ariz. 51, 54, 708 P.2d 732, 735 (1985), or the "paralinguistic features [of speech] such as pitch, intonation, and pauses" that assist a trier of fact in making credibility determinations. *T.W.M.*

*Custom Framing v. Indus. Comm'n*, 198 Ariz. 41, ¶ 22, 6 P.3d 745, 752 (App. 2000).

¶ 23 Ultimately, however, we conclude the present case is most like *LeBrun* with respect to the paramount consideration in determining a defendant's entitlement to an evidentiary hearing: whether a material factual dispute existed in the record that would necessitate the presentation of additional evidence. In *LeBrun*, no such material dispute existed. By contrast, the defendant in *Aguilar* had contradicted the witnesses' accounts in a way that demanded resolution by the court. James made no comparable claims here. Nor did the record otherwise raise a question of witness credibility related to the other acts. Although James asserted in his responsive filing that T.H. "initially denied that events in Mesa ... [had] occurred" and that she had refused to participate in the Mesa investigation, his argument at the subsequent hearing and references to police documents neither supported these assertions nor raised any doubts about T.H.'s claims regarding the other acts.

■ ¶ 24 In fact, the record supported both women's allegations. In the confrontation call, James admitted to licking and repeatedly touching T.H. He likewise admitted to criminal activity with A.H. that had resulted in his conviction as a sex offender. James did not admit to all the details of the past incidents in the call itself. But both *LeBrun* and Rule 104(a) support the proposition that an evidentiary hearing is not required simply because a defendant demands one or because confrontation and cross-examination are the best tools for developing facts, exposing inconsistencies, and determining witness credibility. Given the absence of a true factual dispute regarding the other acts, the trial court did not abuse its discretion in finding the clear-and-convincing-evidence standard satisfied, even in the absence of a pretrial hearing with live witness testimony.

**Incomplete Record**

■ ¶ 25 Most of the documents relied on by the trial court are absent from the record before us. The defendant asserts that this constituted error which entitles him to relief. To the extent the state maintains that it did not need to file its proffered Rule 404(c) evidence in the record below, this contention is mistaken. The proponent of other-act evidence carries the burden of proving its admissibility in all respects. *See Ferrero*, 229 Ariz. 239, ¶ 24, 274 P.3d at 514 (noting proponent must "satisf[y] Rule 404(c)'s prerequisites"); *see also State v. Hargrave*, 225 Ariz. 1, ¶ 10, 234 P.3d 569, 576 (2010) (acknowledging burden under Rule 404(b)); *State v. Salazar*, 181 Ariz. 87, 91, 887 P.2d 617, 621 (App. 1994) (emphasizing that proponent of other-act evidence must show Rule 403 balance favors admission); *cf. State v. Ives*, 187 Ariz. 102, 110, 927 P.2d 762, 770 (1996) (recognizing proponent's burden under case law predating Rule 404(c)); *State v. Superior Court*, 129 Ariz. 360, 361–62, 631 P.2d 142, 143–44 (App. 1981) (same). And, Rule 404(c)(1)(D) requires specific findings by a trial court in order to enable appellate review of that court's ruling. *Aguilar*, 209 Ariz. 40, ¶ 31, 97 P.3d at 874. For such a review to occur, the materials on which a trial court based its findings should be made part of the record. The failure to include such items in a trial record therefore does not comport with Rule 404(c).

■ ¶ 26 The state suggests that the defendant has a duty to ensure that the state properly presents its evidence to support a Rule 404(c) finding. We reject the unsupported contention that the defendant has a duty to assist the state in complying with its evidentiary burden. However, the defendant does have a duty to object to any procedural irregularities he wishes to later raise on appeal. James did not specifically do so. He objected only to the absence of witness testimony and cross-examination. Rule 103(a)(1)(A), Ariz. R. Evid., requires that an objection be made with specificity so as "to allow the adverse party to obviate the objection and to permit the trial court to intelligently rule on the objection and avoid error." *In re Tiffany O.*, 217 Ariz. 370, ¶ 5, 174 P.3d 282, 284 (App. 2007), *quoting Thompson v. Better–Bilt Aluminum Prods. Co.*, 187 Ariz. 121, 129, 927 P.2d 781, 789 (App. 1996). Because James did not properly raise the issue below when it could have been cured, he now carries the burden of showing any error was

both fundamental and prejudicial in order to obtain appellate relief. *See State v. Henderson*, 210 Ariz. 561, ¶¶ 19–20, 115 P.3d 601, 607–08 (2005).

¶ 27 The state's omission here resulted in no identifiable prejudice because James apparently had access to all the documents relied on by the trial court. As noted above, he made no objection to a lack of disclosure under Rule 404(c)(3), and he referred to numerous police documents at the hearing. The only question he raised concerning any documents was whether they were properly certified. His novel contention that the proffered documents were "secret" thus finds no support in the record, and his suggestion that the court might have relied on different documents than those disclosed is merely unfounded speculation.

¶ 28 In addition, the confrontation call and document showing his felony conviction were admitted at trial, as James acknowledges. He asserts that "it is not proper to consider trial evidence ... here." But we may affirm an evidentiary ruling on any basis supported by the record. *State v. Robinson*, 153 Ariz. 191, 199, 735 P.2d 801, 809 (1987); *see State v. Herrera*, 232 Ariz. 536, ¶¶ 14, 24–25, 307 P.3d 103, 110, 113 (App. 2013) (distinguishing ruling under Rule 404(c) from one on motion to suppress evidence). James therefore has provided no reason to disturb the trial court's ruling admitting the other-act evidence under Rule 404(c).

### Additional Issues

¶ 29 James raises two other issues as to which this court cannot grant appellate relief due to controlling adverse authority. First, as to the child molestation charge, James asserts the trial court failed to instruct the jury that the state was required to prove his touching was motivated by sexual interest. Our supreme court recently rejected the contention that such motivation is an element of child molestation, stating instead that the absence of sexual motivation is an affirmative defense to be proven by a defendant. *State v. Holle*, 240 Ariz. 300, ¶ 1, 379 P.3d 197, 198 (2016). We are bound to follow this decision. *See Francis v. Ariz. Dep't of Transp.*, 192 Ariz. 269, ¶¶ 10–11, 963 P.2d 1092, 1094 (App.

1998) (recognizing that higher court's opinion becomes controlling upon its publication, regardless of pending review).

¶ 30 Second, James preserves his objection to the trial court, rather than the jury, finding his prior conviction for the purpose of sentence enhancement. He maintains that this practice, which was approved by *Almendarez–Torres v. United States*, 523 U.S. 224, 246, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), no longer enjoys the support of a majority of Supreme Court justices. As we stated, however, in *State v. Keith*, 211 Ariz. 436, ¶ 3, 122 P.3d 229, 230 (App. 2005), we cannot anticipate a prospective ruling of the United States Supreme Court on this topic.

### Disposition

¶ 31 For the foregoing reasons, the convictions and sentences are affirmed as corrected.