NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JUAN JIRON, JR., *Appellant.*

No. 1 CA-CR 23-0113
FILED 4-11-2024

Appeal from the Superior Court in Coconino County
No. CR201801061
The Honorable Ted Stuart Reed, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Rebecca Jones
*Counsel for Appellee*

Coconino Legal Defender's Office, Flagstaff
By Joseph A. Carver
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Cynthia J. Bailey joined.

**C R U Z**, Judge:

¶1        Juan Jiron, Jr. appeals his convictions and sentences for one count of indecent exposure, three counts of sexual conduct with a minor, and seven counts of child molestation.  For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2        We view the evidence in the light most favorable to upholding the jury's verdict.  *State v. Tamplin*, 195 Ariz. 246, ¶ 2 (App. 1999). In 2018, Jiron's twelve-year-old step-granddaughter Penny[1] told her school counselor and her maternal grandmother that on multiple occasions Jiron had touched her inappropriately, beginning when she was seven or eight years old.  Penny's grandmother notified the Coconino County Sheriff's Office.  Penny, who lived with Jiron and his wife from the age of six or seven, related that Jiron often wore a fuzzy blue bathrobe with nothing underneath it while she was alone with him.  Penny disclosed that Jiron had masturbated in her presence, asked her whether she wanted to touch his penis or watch him masturbate, placed his finger in her vulva, licked her vulva, and bit her clitoris.  During a forensic interview, Penny disclosed that Jiron had also victimized her cousin Jody.

¶3        After Penny's disclosures, Jiron's granddaughter Jody, who was about three months older than Penny and spent time with her and Jiron at Jiron's house, told her mother and grandmother (Jiron's wife) that Jiron had also touched her inappropriately.  Beginning when she was about six years old, Jiron repeatedly put her hand on his penis and rubbed his erect penis against her bottom.  On one occasion, Jiron exposed his penis and masturbated in front of her.  On another occasion, when Jody was nine, Jiron reached inside her underwear and touched her vulva.

---

[1]        We refer to the victims by the pseudonyms used in the parties' briefs. *See* Ariz. R. Crim. P. 31.10(f).

¶4        During the 2018 investigation, two of Jiron's young adult female relatives came forward and disclosed having been molested by Jiron. Jiron's great-niece and goddaughter Andrea, who had lived with Jiron and his wife off and on as a child, disclosed that Jiron had touched her clitoris in his bed when she was between the ages of eight and ten, and had roughhoused and tickled her and exposed his penis while wearing nothing but a blue bathrobe. Jiron's great-niece Amy disclosed instances when Jiron touched her private parts while she was in bed at night. Amy described an incident when Jiron, wearing only a bathrobe, touched her vulva inside her underwear, placed his penis on her leg, and put her hand on his penis.

¶5        A grand jury charged Jiron with one count of indecent exposure, three counts of sexual conduct with a minor (dangerous crimes against children), and eight counts of child molestation (dangerous crimes against children). At Jiron's first trial, the jury could not reach unanimous verdicts. The superior court later dismissed count 6 (child molestation).

¶6        The State re-tried Jiron, and the second jury found him guilty of one count of indecent exposure, three counts of sexual conduct with a minor, and seven counts of child molestation. The superior court sentenced Jiron to consecutive sentences ranging from one year in prison to multiple life sentences. Jiron timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

**DISCUSSION**

¶7        Jiron argues the superior court violated his constitutional right to present a complete defense when, under the rape shield law, A.R.S. § 13-1421, it denied his motion to compel Penny's testimony at a pretrial hearing. He further argues the superior court applied the wrong standard of admissibility when it decided to exclude the section 13-1421 evidence.

¶8        During her forensic interview in 2018, Penny disclosed that when she was seven or eight, her babysitter's son, Craig, molested her. Penny had disclosed Craig's alleged behavior to a school counselor and then to a police officer earlier that year. The police report taken in 2018 did not result in criminal charges.

¶9         Before trial, Jiron moved to admit evidence that Penny had previously made a false allegation of sexual conduct against Craig.[2]  The superior court set a pretrial hearing on the issue, and Jiron moved to compel Penny's testimony at the hearing.  The court denied the motion to compel Penny's testimony. It ruled that Jiron could present other witnesses to support his motion to admit specific instances of Penny's prior sexual conduct under A.R.S. § 13-1421, and the parties could rely on Penny's earlier recorded statements.

¶10         Craig and his mother testified at the pretrial hearing.  After the testimony, Jiron argued he had met the "clear and convincing evidence" standard for admissibility under A.R.S. § 13-1421.  The State agreed that the superior court needed to find clear and convincing evidence of a false allegation and argued that Jiron had not met the evidentiary standard.  The superior court denied Jiron's motion to admit Penny's prior false allegations of sexual misconduct, stating:

> Subsection (B) [of A.R.S. § 13-1421] requires such evidence of false allegations of sexual misconduct made by the victim against others to be proven by clear and convincing evidence. The State responds that the evidence before the Court is that the allegations were made by [Penny] and denied by Craig and his mother, but not that they were demonstrably false. The Court agrees.  The fact that [Penny]'s allegations are disputed does not make them false.

> THE COURT FINDS that Defendant has not established by clear and convincing evidence that [Penny]'s allegations of sexual misconduct by Craig were false.

¶11         We review the superior court's evidentiary rulings for an abuse of discretion but review de novo questions of statutory construction or constitutional law. *State v. Inzunza*, 234 Ariz. 78, 83, ¶ 18 (App. 2014).  A defendant's constitutional rights are not violated when evidence has been properly excluded. *State v. Davis*, 205 Ariz. 174, 179, ¶ 33 (App. 2003).

¶12         Section 13-1421 allows courts to admit "[e]vidence of specific instances of the victim's prior sexual conduct" when the evidence falls into one of five categories.  One category is "[e]vidence of false allegations of

---

[2]     Jiron also sought to admit evidence that Amy had made a prior false allegation of sexual misconduct.  The superior court excluded the evidence, and Jiron raises no issue on appeal concerning Amy.

sexual misconduct made by the victim against others."  A.R.S. § 13-1421(A)(5).  Evidence of a victim's false allegations of sexual misconduct against others "may be admitted only if a judge finds the evidence is relevant and is material to a fact in issue in the case and that the inflammatory or prejudicial nature of the evidence does not outweigh the probative value of the evidence."  A.R.S. § 13-1421(A).  "The standard for admissibility of evidence under [A.R.S. § 13-1421(A)] is by clear and convincing evidence."  A.R.S. § 13-1421(B).

**¶13**        Section 13-1421 does not require an evidentiary hearing.  It permits the superior court to admit section 13-1421 evidence only after "**a hearing on written motions** . . . to determine the admissibility of the evidence."  A.R.S. § 13-1421(B) (emphasis added).  And the superior court is not bound by the Arizona Rules of Evidence when deciding preliminary admissibility questions.  Ariz. R. Evid. 104(a).  *See also State v. James*, 242 Ariz. 126, 133, ¶ 24 (App. 2017) ("Rule 104(a) support[s] the proposition that an evidentiary hearing is not required simply because a defendant demands one or because confrontation and cross-examination are the best tools for developing facts, exposing inconsistencies, and determining witness credibility.").  "It is well established . . . that confrontation rights do not apply to the same extent at a pretrial suppression hearing as they do at trial."  *State v. Riley*, 196 Ariz. 40, 43, ¶ 7 (App. 1999).  Here, the superior court determined it could adequately assess Penny's credibility from her prior recorded statements and did not need her in-person testimony to rule on the admissibility of Jiron's proffered section 13-1421(A)(5) evidence.  We find no abuse of discretion or violation of Jiron's constitutional rights.

**¶14**        Jiron argues, for the first time on appeal, that the superior court applied the wrong evidentiary standard in concluding he failed to prove the alleged falsity of Penny's prior allegation because the court applied a "demonstrably false" standard rather than section 13-1421's "clear and convincing evidence" standard.

**¶15**        Because Jiron did not raise this issue in the superior court, he must show that fundamental, prejudicial error occurred.  *See State v. Robles*, 213 Ariz. 268, 272, ¶ 12 (App. 2006).  A defendant establishes fundamental error by first proving that trial error occurred.  *State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018).  If he does so, the defendant must then show "that (1) the error went to the foundation of the case, (2) the error took from the defendant a right essential to his defense, *or* (3) the error was so egregious that he could not possibly have received a fair trial."  *Id.*  If a defendant establishes fundamental error under prongs one or two, he must make a separate showing of prejudice, but if he "establishes the third prong, he has

shown both fundamental error and prejudice." *Id.* "Prejudice is a fact-intensive inquiry, the outcome of which will depend . . . upon the type of error that occurred and the facts of a particular case." *State v. Dickinson*, 233 Ariz. 527, 531, ¶ 13 (App. 2013) (citation and internal quotation marks omitted). A defendant "must affirmatively prove prejudice and may not rely upon speculation to carry his burden." *Id.* (citation and internal quotation marks omitted).

¶16         We find no error, fundamental or otherwise. Here, the superior court correctly stated that A.R.S. § 13-1421(B) requires a defendant to show "by clear and convincing evidence" that a prior allegation of sexual misconduct by another is false. The court noted the conflicting evidence and agreed that Penny's allegations against Craig were not demonstrably false. The court concluded that Jiron failed to demonstrate "by clear and convincing evidence" that Penny's prior allegations of sexual misconduct by Craig were false. The fact that the superior court agreed Penny's allegations were not demonstrably false does not indicate the court applied the wrong standard of admissibility for the section 13-1421(A)(5) evidence.

## CONCLUSION

¶17         For the foregoing reasons, we affirm Jiron's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:    AA