NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

DION LEE EARL, *Petitioner.*

No. 1 CA-CR 25-0145 PRPC

FILED 07-31-2025

Appeal from the Superior Court in Maricopa County
No. CR2017-149648-001
The Honorable Suzanne E. Cohen, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Jason B. Easterday
*Counsel for Respondent*

DeBrigida Law Offices, PLLC, Glendale
By Ronald M. DeBrigida Jr.
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Chief Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Angela K. Paton and Judge Daniel J. Kiley joined.

---

**H O W E**, Judge:

**¶1**　　　　Dion Lee Earl petitions this Court for review from the superior court's dismissal of his petition for post-conviction relief. We grant review but deny relief.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**　　　　In 2017, a grand jury indicted Earl on two counts of kidnapping and one count each of sexual assault, sexual abuse, public sexual indecency, and assault. These charges stemmed from incidents connected to two victims. Before trial, the State moved to allow testimony from five individuals unrelated to the victims as other relevant acts under Arizona Rule of Evidence 404. The State first claimed that the other acts evidence was admissible under subsection (b) of the rule because they would show a "clear pattern" of Earl's behaviors going to his intent, motive, and absence of mistake. *See* Ariz. R. Evid. 404(b)(2). Further the State argued that the other acts evidence was admissible under subsection (c) "to show that [Earl] has a character trait that gives rise to aberrant sexual propensity." *See* Ariz. R. Evid. 404(c). Earl responded that the evidence would be more prejudicial than probative and that the State's evidence was not sufficient to be admissible under subsection (c). The court held an evidentiary hearing and reviewed several video files of interviews from the potential witnesses. After consideration, the court held that the testimony of three individuals was admissible but that the testimony of two individuals was not.

**¶3**　　　　After trial, the jury convicted Earl of two counts of kidnapping and one count each of sexual assault, sexual abuse, public sexual indecency, and assault. *See State v. Earl*, 1 CA-CR 19-0592, 2021 WL 164911, at *1 ¶ 1 (Ariz. App. Jan. 19, 2021) (mem. decision). Earl appealed, arguing, among other claims that (1) "the trial court erred by finding that the other act evidence was admissible because his right to confront the three other act victims was violated, as none of them were present at the evidentiary hearing" and (2) "the trial court erred by finding that he had committed the other acts by clear and convincing evidence." *Id.* at *3 ¶¶ 17,

19. Because Earl failed to object to the other acts evidence at trial, this Court reviewed these issues for fundamental error and found that the superior court did not err. *Id.* at 3–4 ¶¶ 17–18, 20, 22. Thus, this Court affirmed his convictions on direct appeal. *Id.* at *5 ¶ 29.

**¶4**        Earl petitioned for post-conviction relief under Arizona Rule of Criminal Procedure ("Rule") 32 arguing that his trial counsel was ineffective. He argued that "the level of ineffective assistance of counsel demonstrated" was sufficient even "without a showing of prejudice" and that counsel's ineffectiveness had a cumulative effect, ultimately violating his due process rights. Earl claimed that trial counsel was ineffective for (1) "Not Obtaining the Various Items of Digital Evidence that Would Have Impacted the Credibility of the Alleged Victims," (2) "Failing to Conduct Pretrial Investigation and Interviews of the Alleged Victims and the Rule 404 Witnesses, and for Failing to Object to the Use of Their Recorded Statements at the Evidentiary Hearing," and (3) "Failing to Request a Willits Instruction." He also argued that the court erred in its decision to admit other acts evidence.

**¶5**        The superior court dismissed his petition, finding that Earl did not show deficient performance, that even if counsel erred, any error was harmless, and that "nothing trial counsel did or did not do caused any prejudice" to Earl. The court concluded that he failed to allege sufficient facts to establish a colorable claim. Further, the court found that Earl's argument that the court erred in admitting other acts evidence was "fully addressed and dismissed in his [direct] appeal" and thus precluded from relief in his post-conviction proceeding.

**¶6**        Earl petitioned this Court for review of the superior court's ruling and we have jurisdiction under Article 6, Section 9 of the Arizona Constitution, A.R.S. § 13-4239(C), and Rule 32.16.

### DISCUSSION

**¶7**        Earl now argues that his trial counsel was ineffective in:

> 1) not obtaining valuable digital evidence of the interactions between Earl and the complaining witnesses; 2) failing to conduct pretrial investigation and interviews of witnesses valuable to the issue of the credibility of the State's witnesses; 3) failing to object to request a Willits instruction regarding mishandled evidence; and that the cumulative effect of acts of ineffective assistance amounts to a due process violation.

He also argues that the court abused its discretion in finding his claim related to other acts evidence precluded and thus not colorable.

¶8        To state a colorable claim of ineffective assistance of counsel Earl must prove that his counsel's performance was both deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Failure to satisfy either prong of the Strickland test is fatal to an ineffective assistance of counsel claim." *State v. Bennett*, 213 Ariz. 562, 567 ¶ 21 (2006).

¶9        Regarding deficiency, a "strong presumption" exists that "counsel's conduct falls within the wide range of reasonable professional assistance" and thus "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. The defendant must provide evidence that counsel's conduct "fell below an objective standard of reasonableness." *Id.* at 687–88. Simply disagreeing with counsel's trial strategy is insufficient. *See State v. Pandeli*, 242 Ariz. 175, 181 ¶ 8 (2017). Even if counsel's performance were deficient, Earl must also show prejudice. *See Bennett*, 213 Ariz. at 567 ¶ 21. To do so, he must provide evidence showing a reasonable probability that counsel's deficient performance affected the case's outcome. *See State v. Rosario*, 195 Ariz. 264, 268 ¶ 23 (App. 1999). Conclusory allegations and speculation are insufficient to state a colorable claim of prejudice. *See State v. Leyva*, 241 Ariz. 521, 528 ¶ 22 (App. 2017); *State v. Donald*, 198 Ariz. 406, 414 ¶ 21 (App. 2000).

¶10        First, Earl claims that defense counsel should have collected certain pieces of digital evidence, including recordings from his home security system and messages between himself and the victims. He argues that this evidence "would have most certainly cast serious doubts on the truthfulness of [the victim's] statements to the police, as well as their testimony at trial." Despite this conclusory statement, he fails to elucidate *how* this potential evidence would do so. *See Donald*, 198 Ariz. at 414 ¶ 21 ("To mandate an evidentiary hearing, [a] defendant's challenge must consist of more than conclusory assertions."). Assuming his claim is true, he must still show a reasonable probability that the result would have been different but for counsel's failure to collect the digital evidence. *Bennet*, 213 Ariz. at 568 ¶ 25. Several messages between Earl and the victim were discussed at trial, including one where a victim replied "LOL. Okay." to Earl's request for a massage. Then, during cross-examination, defense counsel asked the victim "you had agreed LOL okay" and "LOL okay means yes; right." The victim denied that "LOL okay" meant that she agreed to massage Earl. Despite counsel's efforts, these messages and testimony did not lead to Earl's acquittal. Earl fails to explain how additional messages or security footage would have changed the outcome.

*See Rosario*, 195 Ariz. at 268 ¶ 23. A defendant must prove a "demonstrable reality" of counsel's ineffectiveness rather than mere speculation. *State v. Tison*, 129 Ariz. 546, 556 (1981). Because he does not clarify how the digital evidence would have "cast serious doubts" on the victim's credibility, Earl fails to establish a reasonable probability of prejudice, *Rosario*, 195 Ariz. at 268 ¶ 23, and therefore the superior court did not err.

**¶11** Earl next argues that counsel failed to investigate and interview witnesses, specifically "the State's Rule 404 witnesses." He makes the conclusory statement that his "counsel could have and should have conducted interviews of these and any related witnesses" because "counsel must . . . conduct whatever pretrial investigation he deems necessary to ensure that all available defenses are raised." But conclusory statements are not sufficient proof, *see Donald*, 198 Ariz. at 414 ¶ 21, and Earl fails to "overcome the presumption" that his counsel's decision was "sound trial strategy," *Pandeli*, 242 Ariz. at 181 ¶ 7 (citation omitted). He argues that "had [his] defense team investigated the background of Victim B, they would have determined that she had been cited for Shoplifting" and that conviction "*may* have been fair game for impeachment on cross-examination." (Emphasis added.) Earl does not prove that this evidence would have been admissible for impeachment purposes, nor that, if admitted, it would have damaged the witness's credibility sufficiently to change the outcome. *See State v. Herrera*, 183 Ariz. 642, 647 (App. 1995) (A colorable claim is "one which, if true, might have changed the outcome." (cleaned up)). And Earl's counsel had access to interviews—prepared for the evidentiary hearing—with several witnesses including "Victim B." Earl proves neither that his counsel's conduct was not sound trial strategy nor that it "fell below an objective standard of reasonableness." *Strickland,* 466 U.S. at 687–89.

**¶12** Earl also argues that his counsel was ineffective for failing to object to the "use of [the witness's] recorded statements at the evidentiary hearing" as "inadmissible hearsay and a violation of the Confrontation Clause." But, as the superior court noted, "the rules of evidence do not restrict the types of evidence a court may consider" in determining whether a witness is qualified to testify at trial under Arizona Rule of Evidence 404. *State v. James*, 242 Ariz. 126, 132 ¶ 21 (App. 2017). The court could consider hearsay at the evidentiary hearing and any objection to the contrary would have been in vain. And this Court considered Earl's Confrontation Clause argument on direct appeal. *See Earl*, 1 CA-CR 19-0592, at *3 ¶ 18 (finding that because Earl "cross-examined all three other act victims at trial, his right to confront the other act victims at the pretrial hearing was not

violated"). He fails to present a colorable claim of ineffective assistance of counsel on this issue.

¶13      Earl also argues that his counsel was ineffective for failing to request a *Willits* instruction. *See State v. Willits*, 96 Ariz. 184, 191 (1964). Under *Willits*, "if the state fails to preserve evidence that is potentially exonerating, the accused might be entitled to an instruction informing the jury that it may draw an adverse inference from the state's action." *State v. Glissendorf*, 235 Ariz. 147, 149 ¶ 1 (2014). Earl argues that "the State did not take steps to secure important evidence and negligently caused it to be lost" regarding messages on the victim's cell phones. He bases this claim on the defense expert's trial testimony that some information was missing from the victim's cell phones. But he does not elaborate on why he believes that the missing data would tend to exonerate him. *See id.* at 150 ¶ 9 (holding that a defendant "must do more than simply speculate about how the evidence might have been helpful" and must show "a real likelihood that the evidence would have had evidentiary value"). Earl fails to show how the data would have evidentiary value or how a *Willits* instruction would alter the outcome. *See Herrera*, 183 Ariz. at 647. Thus, he fails to establish a colorable claim.

¶14      Finally, Earl argues "that the cumulative effect of acts of ineffective assistance amounts to a due process violation." "This Court has not recognized the cumulative error doctrine for [ineffective assistance of counsel] claims." *Pandeli*, 242 Ariz. at 191 ¶ 69. And regardless whether the cumulative error doctrine applies here, we do not find his claims of ineffective assistance of counsel colorable and thus no cumulative effect exists.

¶15      Earl cites *United States v. Cronic*, 466 U.S. 648 (1984), in arguing that "the level of ineffective assistance of counsel demonstrated is sufficient . . . for relief without a showing of prejudice." We disagree. Although *Cronic* holds that certain factual circumstances are so likely to prejudice a defendant that he need not independently show prejudice, the Supreme Court ultimately held that the defendant still must show prejudice even where a "young lawyer with a real estate practice" was assigned to represent a criminal defendant with "only 25 days for pretrial preparation." 466 U.S. at 649, 658, 666–67. As *Cronic* demonstrates, the circumstances necessary for a defendant to forgo a showing of prejudice are rare. *See id.* at 659–61 (finding that the court may presume prejudice when a defendant is wholly denied counsel or "if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing" but not where, for

example, "counsel was appointed in a capital case only three days before trial").

¶16 Although Earl had several attorneys throughout his case, the counsel who represented him at trial was appointed eight months before trial. This is ample time to prepare, and this case is dissimilar to cases where courts have presumed prejudice. *See id.* at 659–61 (citing *Powell v. Alabama*, 287 U.S. 45 (1932), where "[o]n the day of trial, a lawyer . . . [who] stated that he had not had an opportunity to prepare the case or to familiarize himself with local procedure" was appointed to represent multiple defendants in a capital case). Further, counsel's general conduct at trial does not indicate that he "fail[ed] to subject the prosecution's case to meaningful adversarial testing." *Cronic*, 466 U.S. at 658. Counsel objected throughout trial, cross-examined all the State's witnesses, and moved for a directed verdict under Rule 20. Thus, the presumption of prejudice does not apply, and Earl has failed to show prejudice. *See supra* ¶¶ 10–13.

¶17 Earl also argues that the court erred in finding his other acts evidence argument precluded. But this claim was fully adjudicated on the merits in his direct appeal. *See* Ariz. R. Crim. P. 32.2(a) (precluding any claim "finally adjudicated on the merits in an appeal"); *Earl*, 1 CA-CR 19-0592, at *3–4 ¶¶ 17–22 (finding that "[t]he trial court [] properly admitted the other act evidence"). The court did not err in finding the claim precluded and not colorable.

## CONCLUSION

¶18 We grant review but deny relief.

